FRANK R. GUTHMAN, PLAINTIFF IN ERROR, v. MARY J. GUTHMAN, DEFENDANT IN ERROR.

1. **Dower:** COURT MAY ASSIGN. When a widow is entitled to dower in the lands of which her husband died seized, and her right to dower is not disputed by the heirs or devisees, or any person claiming under them or either of them, it may be assigned to her in whatever county the lands may lie, by the county court of the county in which the estate of the husband is settled, upon the application of the widow.

2. ———: ———: PRACTICE. In order to oust the county court of such jurisdiction the right of the applicant to such dower must be disputed by presenting an issue of fact, which, if established by proof, would defeat her claim of dower, and such issue must be one which the county court by its organization is unable to try.

3. **Homestead:** COUNTY COURT MAY ASSIGN. A county court has jurisdiction to set aside a homestead to a widow by virtue of its general jurisdiction in matters of probate and the settlement of estates.

NOTE.—County court has exclusive jurisdiction in probating wills. *Loosemore v. Smith*, 12 Neb., 343. *Pettit v. Black*, 13 Id., 152. Homestead rights of wife. *McMahon v. Speilman*, 15 Neb., 654. *Dickman v. Birkhauser*, 16 Id., 686. *Stout v. Rapp*, 17 Id., 462. *McHugh v. Smiley*, Id., 626.—REP.

ERROR to the district court for Lancaster county. Heard below before POUND, J.

*M. A. Hartigan,* for plaintiff in error.

*L. C. Burr,* for defendant in error.

COBB, CH. J.

Mary J. Guthman filed her petition in the county court of Lancaster county, alleging that she is the surviving widow of Charles Guthman, deceased; that said Charles Guthman departed this life on or about the 19th day of January, 1882, leaving him surviving as sole heir, his daughter Minnie Ellen, a minor of about the age of thirteen years, and that Joseph V. Weckback, Frank Guthman, and William Guthman, are her duly authorized guardians. That said Charles Guthman died seized in his own right of certain lands located in said county of Lancaster, describing the same, which said premises during the life-time of said Charles Guthman constituted his homestead and was occupied as such by himself and her, the said petitioner, his wife, for some time prior to and at the time of the decease of the said Charles Guthman; that said Charles Guthman left a will of which the said Frank Guthman and Joseph V. Weckback are the duly authorized executors. She further alleged that in his said last will and testament the said Charles Guthman made a certain provision for her, the said petitioner, to accept in lieu of dower, but that she refuses to accept the provision in said will mentioned in her behalf, and brings this her action for the admeasurement, adjustment, and assignment of her dower rights in said real estate as by the statutes of the state she is entitled to have. She further alleged that she desires and elects to have that portion of said lands on which the house, home, or manor house, and out-buildings

on said premises adjacent thereto are situated, and so much additional thereto of said lands as by the statutes of the state she is entitled to have, so that the same may be contiguous and convenient for farming purposes, and be set off separate and apart from the remaining lands, and petitioner can have exclusive possession and use thereof during her life-time, etc.

In response to said petition the said Minnie Ellen Guthman, by her guardians, and the said guardians by counsel, appeared in the said county court and filed an answer, of which the following is a copy:

1. "Now comes Minnie Ellen Guthman, by her guardians, F. R. Guthman, Joseph V. Weckback, and William Guthman, who appearing in that behalf, and for no other, and interpose this their answer and plea in abatement, and deny and challenge the jurisdiction of the court to apportion any homestead rights or dower rights of any person interested in the lands or estate of said deceased Chas. Guthman. 2d. Denying all other allegations in said petition contained."

Upon the hearing the county court made and entered the following findings and judgment in the said proceeding, to-wit: " I find that the prayer of said petitioner ought to be and is hereby granted. I further find that the said petitioner is the widow of said Charles Guthman, deceased, and is therefore entitled to the exclusive use, occupancy, rents, and profits of, in, and to the following described lands, to-wit: The north-west quarter of section nine, range 8 (sic) east of the sixth principal meridian in Lancaster county. That said land was the homestead of the deceased, and was occupied by said deceased and said petitioner as their homestead at the time of the death of said decedent, and that the petitioner is entitled to a life estate in the same, and is entitled to have the same appraised and set apart and assigned to her, or so much thereof as shall not exceed in value the sum of two thousand dollars, nor in

extent one hundred and sixty acres. I further find that she is entitled to and is hereby allowed her dower in all of the remaining lands of which her said husband died seized, to-wit: The north half of section nine, in township nine north, of range eight east of the sixth principal meridian in Lancaster county, containing about three hundred and twenty acres, less the homestead above described. Also the north-east quarter of the north-east quarter of section eight in township nine north, of range eight, containing about forty acres, all in Lancaster county. It is therefore by me considered, ordered, and adjudged that the prayer of said petition be and the same is hereby allowed, and it is further ordered that the said petitioner have her life estate in said homestead, to-wit: the north-west quarter of section nine in township nine, range eight, appraised, set apart, and assigned to her separate use for her life estate, or so much thereof as shall not exceed in value the sum of two thousand dollars, nor in extent one hundred and sixty acres, constituting such part of said lands upon which the house and other buildings are situated; and is further ordered that said petitioner have appraised and set off for her separate use and benefit her dower or life estate in the remainder of her deceased husband's lands as above described, set apart for her use and benefit during her natural life, and that said lands be set aside by metes and bounds, and that they be set apart in a body and contiguous to the residence part of said lands or the part where the buildings and other improvements now are," etc.

There was an appeal taken to the district court by the heir at law and executors of the will of the deceased. In said last mentioned court the petitioner filed substantially the same petition as that filed by her in the county court as above stated. To which the respondents made answer, in which they admitted the death of said deceased, the survivorship of his said heir and the appointment of said

executors; also that said deceased was seized of the real estate described in the petition. They deny each and every allegation of the petition not expressly admitted. They allege that the petitioner is not the head of a family, etc. That the said Minnie Ellen Guthman was the child of the deceased by his first wife, and that the custody of said child was removed and willed from petitioner, etc.

They further answering say, that "They have at all times been ready and willing that petitioner might have and receive her dower right in the estate of deceased, but charge the truth and fact to be that she sought to dismantle said estate by first claiming a homestead from said estate to the extent of one hundred and sixty acres, and to have then allotted a dower estate from the balance remaining, which was done in the county court of Lancaster county, and from which order and decree these respondents appeal and ask that the same, so far as homestead admeasurement or dower admeasurement 'is concerned, be vacated and held for naught, said court having no jurisdiction or power to make any such order and decree. They further allege that said petitioner has joined in a lease with these respondents for the leasing of said premises for the term of three years, and with an option of a longer period. That she has received a large amount of personal estate of the value of three thousand dollars and upwards, and has appropriated the same to her personal use in no way or manner placing any portion to the care, comfort, or education of said child," etc.

Upon the trial the district court made and rendered the following findings and judgment, to-wit:

"On due consideration of the premises the court doth find that the petitioner, Mary J. Guthman, widow of Chas. Guthman, deceased, is entitled to dower in the real estate described in the petition, and that the same should be assigned and set off to her in the manner provided by law And the court doth further find, that said Mary J. Guth-

man is not entitled to have a homestead assigned and set off to her in this proceeding, on the ground that this court has no jurisdiction; this proceeding being appealed from the county court of Lancaster county, and the right to such homestead being contested, the county court had no jurisdiction to assign and set off such homestead.

" It is therefore by the court considered, adjudged, and decreed that the proceedings and judgment and findings of the county court of Lancaster county, in so far as the same sets apart and assigns dower to the said Mary J. Guthman in the premises described in the petition, be and the same is hereby ratified and confirmed, and that said Mary J. Guthman, widow of said Charles Guthman, deceased, is entitled to such dower.

"It is futher considered and adjudged that the proceedings, finding, and judgment of the county court aforesaid, in so far as the same attempts to set apart and assign a homestead interest to the said Mary J. Guthman in and to the real estate in controversy, be and the same is hereby vacated, set aside, and held for naught, and that the said Mary J. Guthman is not entitled to such homestead for want of jurisdiction of this court, and said county court in this proceeding, the same being appealed from said county court as aforesaid, and the said homestead interest in the real estate in controversy being contested in said county court."

The respective parties having severally excepted to the said findings and judgment so far as the same was against each respectively, and each having severally moved for a new trial, and the same being denied, the cause is brought to this court on error by both sides, respectively.

There is but one question raised by the pleadings, and one in addition by the judgment of the district court.

First, as to the question of jurisdiction in the county court to assign dower in a case like this, Sec. 8, of Ch. 23, Comp. Stat., provides as follows: " When a widow is en-

titled to dower in the lands of which her husband died siezed, and her right to dower is not disputed by the heirs or devisees, or any person claiming under them or either of them, it may be assigned to her in whatever county the lands may lie, by the judge of probate for the county in which the estate of the husband is settled, upon the application of the widow, or any other person interested in the lands," etc.

This provision of statute was enacted long before the adoption of the present constitution, and at most can only be construed to be a limitation upon the general power conferred upon county courts by that instrument to "have original jurisdiction in all matters of probate, settlements of estates of deceased persons," etc. Jurisdiction being thus conferred by the constitution, it is a question whether, even under the provisions of the above statute, it can be taken from it merely at the volition of a party respondent. But if it be granted that it can be done by pleading facts and the presentation of an issue or issues which the county court is incompetent to try—such, for instance, as the title to land, or the relationship of husband and wife—it will not be denied that such issue must be actually presented by proper pleading, and cannot arise by implication. Ordinarily a question of jurisdiction may, and in some cases must be made at the very threshold; but here the right of the petitioner to dower must be first disputed by an answer setting up facts which, when proved, will overthrow the claim of the petitioner. If the facts thus pleaded are of a nature which the county court by its organization is incompetent to try, whatever might or might not be its duty in the absence of further legislation, it is quite clear that to proceed to a final adjudication of the matter in that court would be erroneous, if not void. But the essential thing to do on the part of the respondent is to present the issue, to raise the dispute which will take the case out of the jurisdiction of the court. What fact was presented by the answer of the

respondents for the adjudication of the county court in the case at bar? None whatever, as I think. In saying this I do not overlook the last line of respondents' answer, "denying all other allegations in said petition contained." While this was probably meant as a mere formal, general denial, the court was, I think, justified in disregarding it, for the reason that it is not couched in positive language, but is a mere recital. But I will not impugn the good faith of the respondents by supposing that they ever intended to deny the relation of husband and wife which existed between the petitioner and the deceased at the time of his death. Such intention is clearly negatived by them in their answer filed in the district court and by the principal executor when on oath as a witness in the case. The paper itself was intended as a plea in abatement to the jurisdiction of the court, and was so claimed by counsel at the bar, and not an answer to the merits or to the petitioner's right to recover. I am therefore of the opinion that the petitioner's right to dower was not disputed in the manner contemplated by the statute so as to oust the county court of jurisdiction.

The district court reversed the judgment of the county court in so far as the same related to the homestead rights of Mary J. Guthman on the ground above stated. Upon the consideration of this case in the consultation room, we were all of the opinion that the reason was quite untenable, yet that the judgment would probably have to be affirmed for the want of sufficient allegations in the petition to entitle the petitioner to the assignment of her homestead. But upon a more careful examination of the petition I have come to the conclusion that it is sufficient. It has been often said in this court, with the approval of every member of it, present as well as past, that the homestead law, being of a highly remediable nature, would be liberally construed, and this liberal construction should follow it in every stage, and certainly will not be withdrawn from it when its benefits are invoked by the widow.

The central fact which could have been set up in the petition on which to base a judgment for the assignment of petitioner's homestead rights is, that the land described,. or a designated portion of it, was and constituted the homestead of the petitioner and the deceased husband at the time of his death. The terms of the law supply all of the rest. The husband was the head of the family, while in life; as such he acquired the homestead estate. At his death it descended to his widow and family; to her not as the head of a family, but his widow *eo nomine.* Comp. Stat., Ch. 36, § 17.

It must be admitted that neither the constitution nor the statute gives to county court jurisdiction to assign a homestead to a widow or family in terms. But it is embraced in the general jurisdiction of all matters of probate, settlement of estates of deceased persons, etc. I conclude, therefore, that the county court had jurisdiction to render the judgment which it did render, and that accordingly the district court had jurisdiction on appeal.

It may not be out of place in this connection to say, for the guidance of the lower courts, that the homestead set apart and assigned to the petitioner in this proceeding must be held by her as well for the benefit of the respondent, Minnie Ellen Guthman, during her minority, as for herself, as a home, and while the same is rented out during said minority the said Minnie Ellen will be entitled to share equally with the petitioner in the net rental profits thereof.

The judgment of the district court in so far as it affirms the judgment of the county court is affirmed, and in so far as it reverses the judgment of the county court is reversed, and the judgment of the county court is in all things affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.