THOMAS v. THOMAS ET AL.

1. **Estates of Decedents**: DOWER OR HOMESTEAD: ELECTION. A widow cannot take both dower and homestead, but must elect which she will take. (Compare *Butterfield v. Wicks*, 44 Iowa, 310, and *Holbrook v. Perry*, 66 Id., 286.)

2. ———: DOWER FREE FROM DEBTS. The dower of the widow is not subject to the debts of her deceased husband, and is to be set apart without reference thereto. (Compare *Mock v. Watson*, 41 Iowa, 241.)

3. ———: HOMESTEAD: ELECTION TO TAKE: WHAT AMOUNTS TO. The continued occupancy of the homestead, in the absence of an election to take dower, will be deemed an election, in effect, to take the homestead. (Compare *Holbrook v. Perry*, 66 Iowa, 286.)

4. **Dower**: ASSIGNMENT: JURISDICTION OF EQUITY: PARTITION. Courts of equity have concurrent jurisdiction with courts of law in the assignment of dower, (see cases cited in opinion,) and the proceedings authorized therefor by §§ 2444–2451 of the Code are not exclusive, but dower may be assigned in an action in partition, which is an equitable action.

5. **Estates of Decedents**: PARTITION AND ASSIGNMENT OF DOWER: ESTATE SHOULD FIRST BE SETTLED. While there should be no unnecessary delay in settling an estate, and the heirs must be permitted to urge and enforce such speed in the proceedings as will not prejudice the rights of creditors and the widow, yet proceedings for partition, and to require the widow to elect whether she will take dower or homestead, ought not to be allowed until the estate, as to the debts against it, and legacies, are found, upon adjudication, to be fully settled; because, as to the heirs, it cannot be known what their shares of the land will be until it is known whether any of it, and, if so, how much, may be required to pay debts; and, as to the widow, until the extent of the indebtedness is known, she may not be able to determine whether it is better to take the homestead or her distributive share. [SEEVERS, J., *dissenting*, on the ground that the point is not made in the pleadings.]

6. ———: ———: ORDER TO WIDOW TO ELECT BETWEEN DOWER AND HOMESTEAD: APPEAL. In an action for partition of the lands of a decedent, the widow was ordered by the next term of the court to elect whether she would take dower or homestead. *Held* that an appeal from such order, and the filing of a supersedeas bond, suspended the court's right to enforce the order.

*Appeal from Madison District Court*—HONS. J. H. HENDERSON and O. B. AYRES, Judges.

WEDNESDAY, DECEMBER 21.

ACTION brought to partition certain real estate. A decree

was entered confirming the interests of the parties in the action to the lands, and declaring that partition should be made, and further ordering that Isabelle Thomas, widow of the person who died seized of the lands, should, within a time specified, elect whether she would take her distributive share of the lands, or her homestead right therein, and that, when such election should be made, partition of the lands should be decreed; and the case was continued for such election and the appointment of a referee. The widow appealed from this decree and order, and plaintiff appealed from a decision of the court in refusing to make a subsequent order requiring the widow, after her appeal, to make the election.

*V. Wainwright*, for plaintiff.

*Wooden & Jackson*, for Isabelle Thomas.

BECK, J.—I. The petition alleges that plaintiff and certain of the defendants are heirs at law of Charles Thomas, who died intestate October 22, 1886, seized of lands therein described, and that defendant Isabelle Thomas is his widow. These allegations are not denied in the widow's answer. An amended petition avers that the personal estate of Charles Thomas is amply sufficient to pay all debts and claims against the estate, and that the widow has given notice that she will, upon a day named, present a petition to the proper court, asking for the admeasurement of her dower. The original petition prays for the partition of the lands, and the amendment prays that the widow be restrained from instituting proceedings for the admeasurement of her dower.

The widow answered the petition and amendment thereto, alleging, among other things, that letters of administration had been issued on the estate October 30, 1866, and that the administrator duly qualified on that day; that her dower had not been admeasured, and she had made no election whether she would take the homestead or her distributive share; that sufficient time had not elapsed since the death of her husband in which she could be fully advised of her rights, so that

she could make the election; and that her interests and rights will be materially prejudiced if the action of partition be maintained. To this answer plaintiff filed a demurrer, which was submitted for determination with the decision of the case, after trial. The court decided upon the pleadings and evidence that plaintiff was entitled to have partition of the lands, and entered a decree settling the interests of the parties therein; but, finding that the widow's dower had not been admeasured, and that she had not elected whether she would take her dower or her homestead rights in the land, it was ordered that she be required to elect at or before the next term of the court whether she would take dower or her homestead rights, and that the cause be continued for her election, and for the appointment of the referees to make partition. This decree was rendered by the Hon. J. H. Henderson, one of the judges of the district court. At the next term, the widow having failed to make her election, the plaintiff asked that a decree be entered against her, to the effect that she had, by the possession and occupancy of the homestead, and other acts shown by the evidence, elected to hold under her homestead right. But, though the court found she had failed to make the election, yet as it was found she had appealed from a prior decision, and superseded it by bond, the request of plaintiff was refused. This decision was made by the Hon. O. B. Ayres, another judge of the district court. From the decree the widow appeals; and from the decision last mentioned plaintiff appeals.

II. *First.* The widow cannot take both dower and homestead, but must elect which she will take. (*Butterfield v. Wicks*, 44 Iowa, 310; *Holbrook v. Perry*, 66 Id., 286.) *Second.* The dower of the widow is not subject to the debts of her deceased husband, and is to be set apart without reference thereto. (*Mock v. Watson*, 41 Iowa, 241.) *Third.* The continued occupancy of the homestead, in the absence of an election to take dower, will be deemed an election, in effect, to take under the homestead rights. (*Holbrook v. Perry, supra.*)

III. Courts of equity have concurrent jurisdiction with courts of law in the assignment of dower. (*Starry v. Starry*, 21 Iowa, 254; *Phares v. Walters*, 6 Id., 106; *McCraney v. McCraney*, 5 Id., 232; *Gano v. Gilruth*, 4 G. Greene, 453.) It therefore follows that the proceedings authorized by Code, §§ 2444–2451, for the admeasurement of dower, are not exclusive; but it may be assigned and set off in a proceeding in chancery,—the forum in which proceedings for partition are had under our statute, (Code, § 3277.) This cause was rightly commenced in chancery, and a partition of the lands may be made therein, if the plaintiff has shown that the right to partition now exists. We proceed to inquire whether partition may be enforced in this action.

IV. The heirs take lands subject to the debts of their ancestor, which are enforced by proceedings in the probate court, wherein claims, except those entitled to preference under the laws of the United States and those for public taxes, are barred, if not filed and proved within one year after the giving of the notice of the appointment of the administrator. It is plain that the interests of the heirs in the lands of the estate cannot be determined until the extent of the indebtedness of the estate be known, or rather, it cannot be determined just what land or what interest therein is subject to partition among the heirs until that time. The lands, or such part thereof as is necessary, may be sold by the administrator to pay debts. He would sell, not an interest in all the lands, if it is not necessary to sell all, but all interest in such parts as may be necessary to realize a sum sufficient to pay debts. It is plain that the lands cannot be partitioned subject to the claims of creditors of the estate, for it cannot be determined just what lands, after the payment of debts, will be owned by the estate, or will descend to the heirs. The creditors cannot be subjected to delays, or impeded in the enforcement of their claims against the lands of the estate. So the law will not permit the vain thing to be done of partitioning lands when it cannot be determined

what interest the heirs have in them, nor just what lands are subject to partition.

V. And justice to the widow demands that the partition of land be not made until after the extent of the indebtedness of the estate is determined. It is true that her dower is not subject to the debts of her deceased husband; but, as we have seen, she is entitled to take under her homestead rights, or, rejecting the homestead, she may take her distributive interest,—her dower—in lands of the estate generally. She may exercise an election as to whether she will take under her homestead rights, or her dower interest in the lands. It is plain that the condition and value of the homestead and of the other lands of the estate may be such that the widow cannot determine whether it would be better for her to take in one way or the other, until the extent of the indebtedness of the estate is determined. If the occupancy of the homestead for life be of more value than one-third of the real estate in fee-simple, to which she is entitled as dower, she would take the homestead. But, if the values are different, she would make a different election. She ought not, therefore, to be compelled to make the election until the extent of the indebtedness of the estate is determined. We reach the conclusion that, when this action was instituted and the decision of the court was made, the time had not come for partition of the lands, or to require the widow to make her election as between her homestead and dower rights.

VI. There was evidence tending to show that the personal estate of the intestate, worth $10,000 to $12,000, was sufficient to pay all debts, which amounted to $2,500. But these figures are mere estimates based upon present knowledge of the debts and the present condition of the property. There may be other debts not known now. The personalty may be destroyed. There are many contingencies impairing confidence in the evidence upon which plaintiff bases his claim that the personalty will pay the debts, and that, therefore, the lands may be partitioned among the heirs. It can-

not now be adjudicated that this claim is based upon facts, and surely chancery will not decree relief when it is uncertain that the parties asking it are entitled thereto, and when it may work injustice to some of the parties.

VII.   We do not hold that proceedings to admeasure dower can be delayed longer than is necessary to determine the extent of the indebtedness and the quantity of land required to be sold in order to pay debts.   The condition of proceedings to settle the estate must be such that these matters may be adjudicated so that all concerned will be bound thereby, and the heirs may take the lands free from the claims of creditors of the estate, and the creditors may in no measure be delayed. or impeded in enforcing their claims, and the widow may make her election upon full knowledge of pro· ceedings and adjudications which affect the quantity, and of course the value, of the real estate out of which the dower may be carved.   This surely cannot be done before the time has expired which operates as a bar to filing claims, and no equitable reasons exist to permit any claims to be filed thereafter, and before the claims filed are paid.   Indeed, we think proceedings for partition, and to require the widow to elect whether she will take dower or the homestead, should be delayed until the estate, as to the debts against it and legacies, may be found, upon adjudication, to be fully settled. Of course, there should be no unnecessary delay in settling the estate, and the heirs must be permitted to urge and enforce such speed in the proceedings to settle the estate as will not prejudice the rights of creditors and the widow.

VIII.   We think the district court rightly held that the widow's appeal and *supersedeas* arrested proceedings in the case so far as to forbid the court to require the widow to make the election of dower or the homestead.   We have shown in our discussion of the case that this could not have been done at that time for other reasons.

We reach the conclusion that plaintiff's petition ought to be dismissed.   The decree and order of the district court is

reversed on defendant's appeal and affirmed on plaintiff's appeal.

SEEVERS, J., *dissenting.* This case is determined, in my judgment, upon a point not made in the pleadings. In my judgment, there is no such issue, and therefore the case should not be reversed on the ground it is, and, in my opinion, the judgment should be affirmed.