JOHN J. SERRY ET AL., PLAINTIFFS IN ERROR, V. ALEXANDER CURRY ET AL., DEFENDANTS IN ERROR.

[FILED APRIL 17, 1889.]

1. **Dower:** PETITION: JURISDICTION. In a petition filed by a widow in the probate court to have dower in the lands of which her husband died seized, assigned to her, the failure to allege in such petition that her right to dower "is not disputed by the heirs or devisees," is not fatal to the jurisdiction of the court.

2. ———: ———: NOTICE. When a petition for dower is filed, it is proper for the judge to enter an order directing the manner of service of notice; but the failure to enter such order does not oust the court of jurisdiction and render its proceedings void.

3. ———: ———: ———. A petition was filed by a widow for the assignment of dower, such widow being also the guardian of the minor children of the deceased. Notice of the application for the assignment of dower was accepted by her, and she returned such notice with a statement thereon made by her under oath that she had served the same upon the minor children by reading and explaining the same to them, etc. This notice was held sufficient by the probate judge, and dower thereupon assigned to the widow. *Held*, That as the statute provides that notice in such case shall be given "in such manner as the judge of probate shall direct," in the absence of fraud or collusion, it was not subject to collateral attack. In other words, while the

court disapproved of that mode of giving notice, it was not nec-
essarily void.

4. ———: ASSIGNMENT.  The acceptance by the probate judge of the
assignment of dower as set off by commissioners, and recording
the same, is, under section nine, chapter twenty-three, Compiled
Statutes, equivalent to a confirmation of the assignment.

5. ———: ———.  Where a widow after dower has been assigned,
and she is in possession, conveys her interest to another, the as-
signee will take her dower interest in the estate.

ERROR to the district court for Dixon county.  Tried
below before POWERS, J.

*Wigton & Whitham,* and *B. B. Wood,* for plaintiff in
error, cited: Wells on Jurisdiction of Courts, sections 36,
70, 82, (p. 71,) and 271; *King v. Merritt,* 34 N.W. Rep.
696; *Mickle v. Hicks,* 19 Kas. 582; *Taylor v. Brobst,* 4
G. Greene, (Ia.,) 534; *People v. Huber,* 20 Cal. 81; *Atkins
v. Atkins,* 9 Neb. 202; *Jackson v. McLean,* 1 S. E. Rep.
785; Hawes on Parties to Actions, section 58; 2 Bates's
Pleadings, Parties, and Forms, 981; Freeman's Void Ju-
dicial Sales, section 17; *Dickison v. Dickison,* 16 N. E. Rep.
862; Wade on the Law of Notice, section 1296; *Noyes v.
Barber,* 4 N. H. 409; Freeman on Judgments, section 125;
*Galbraith v. Fleming,* 27 N.W. Rep. 581.

*W. E. Gantt,* and *Barnes Bros.,* for defendants in error,
cited: *Boltz v. Stoltz,* 41 O. St. 540; *Pope v. Mead,* 99 N.
Y. 201; Probate Law and Practice, (Herrick and Doxsee,)
372; *Shawan v. Loffer,* 24 Iowa, 218, 226, 227; *Kline v.
Moulton,* 11 Mich. 370; *Miller v. Hoberg,* 22 Minn. 249;
*Russell v. Erwin's Adm'r,* 41 Ala. 292; *Golding v. Gold-
ing's Adm'r.* 24 Id. 122.

MAXWELL, J.

This is an action of ejectment brought by the plaintiffs
against the defendants to recover possession of certain real

estate.  On the trial of the cause in the court below, judgment was rendered in favor of the defendants, and the action dismissed.

The plaintiffs are the children of Edward Serry deceased, and the defendants claim the possession of the real estate in controversy under an assignment of dower in lands owned by Edward Serry at the time of his death, which were assigned as dower to the mother of the plaintiffs, and by her afterwards assigned to the defendants.  The plaintiffs claim that the assignment of dower was void, and that therefore the defendants have no rights in the premises. The proceedings to assign dower are as follows, beginning with the petition:

"To the Honorable J. W. Porter, judge of probate in and for said county, the petition of Charity Serry respectfully represents: That your petitioner on or about the twelfth day of February, A.D. 1856, intermarried with Edward Serry, who afterward, on or about the nineteenth day of April, A. D. 1871, departed this life, leaving your petitioner his widow, and Jonathan J. Serry, Edward E. Serry, Sarah E. Serry, Charity I. Serry, Maria D. Serry, Charles O. Serry, and William H. Serry, his children and only heirs at law; that the said Edward Serry died seized in fee simple of the following-described real estate, lying and being in the county and state aforesaid, to wit: N. E. of S. W. $\frac{1}{4}$, and lots one and two in section eleven, and N. $\frac{1}{2}$ of S. W. and S. E. of S. W. and S. W. of S.W., of section six, except three acres sold to S. Biggerstaff from S. E. of S. W. of section six, all said land being in township thirty of range six, the north $\frac{1}{2}$ of N. W. $\frac{1}{4}$ section twenty-nine and N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ and east $\frac{1}{2}$ of W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section thirty, all in township thirty-one of range six.

"That your petitioner, by virtue of her said marriage, upon the death of the said Edward Serry, became and was entitled to dower in the lands above described, which said

dower has never been assigned nor set off to your petitioner, and she has never received any compensation or equivalent therefor, nor for any part thereof. Your petitioner there- fore prays the aid of this honorable court in the premises, and that the writ of summons may issue out of and under the seal of this court, commanding the said Jonathan J. Serry, Edward E. Serry, Sarah E. Serry, Charity I. Serry, Maria D. Serry, Charles O. Serry, and William H. Serry, defendants hereto, to personally appear before this court on the first day of the next term thereof for decedent cases, to be holden at my office in Ponca, in the county and state aforesaid, on the second Monday of September, A. D. 1873, and there full, true, direct, and perfect, answers make to all and singular the matters herein stated, and to stand to and abide by the order of this honorable court in the prem- ises, and that upon the hearing hereof, a decree may be made by this honorable court that your petitioner recover dower in the premises above described, and that such dower may be assigned and set off to her in the manner and ac- cording to the providing of the statute in such cases made and provided, and that your petitioners may have such other, further, and different relief, as the nature of the case requires, and is agreeable to equity and good conscience. And your petitioner will ever pray."

This petition was filed August 27, 1873, and was duly verified. The probate judge thereupon issued the following notice:

STATE OF NEBRASKA, COUNTY OF DIXON : SS.

*The people of the State of Nebraska, to Jonathan J. Serry, Edward E. Serry, Sarah E. Serry, Charity I. Serry, Maria D. Serry, Charles O. Serry, William H. Serry, and Charity Serry, guardian of said minor children:* You and each of you to be and appear before me at my office, in Ponca, September 8, 1873, to hear the application of Charity Serry, widow of Edward Serry, late of Dixon

county, deceased, praying that her dower in the said estate of said land may be set off, and there and then to oppose the setting apart of such dower should you so elect.

Witness my hand and seal this, September [SEAL.]      · 2, A. D. 1873.      J. W. PORTER,
*Probate Judge.*

The return of service on this notice is as follows:

" I accept due and personal service of the within, this 2d day of September, A. D. 1873.      CHARITY SERRY,
  "*Guardian of the minor children of Edward Serry.*"

STATE OF NEBRASKA, COUNTY OF DIXON : SS.

" I, Charity Serry, being duly sworn, depose and say that I served the within on each of the persons named within by reading the same to the older children, and explaining the matter to the younger, and in their presence and hearing, on the 2d day of September, A. D. 1873.

"CHARITY SERRY."

On the hearing, the probate judge made the following order:

STATE OF NEBRASKA, COUNTY OF DIXON : SS.

*Estate of Edward Serry, deceased, in probate court, September 22, 1873.      The people of the state of Nebraska to William Bandt; Alexander Curry, and J. B. Barnes, commissioners appointed to assign dower to Charity Serry, widow of said Edward Serry, Greeting:* This is to authorize you jointly to allot and set off to Mrs. Charity Serry, widow of the late Edward Serry, deceased, her dower out of the following lands and tenements out of the estate of Edward Serry, late of Dixon county, state of Nebraska, to wit: N. E. of S.W. ¼, and lots 1 and 2 in section 11, and north ½ of the S.W. and S. E. of S.W. and S.W. of S.W. of section 6, excepting three acres sold to S. Biggerstaff from S. E. of S.W. of section 6, all of said land being situated in town 30 of range 6; the north ½ of N.W.

¼, section 29, and N. E. ¼ of N. E. ¼ and east ½ of west ½ of the N. E. ¼ of N. E. ¼ of section No. 30, all in township 31, of range 6; each of you first having taken the oath hereunto annexed.

[SEAL.]        Witness, J. W. Porter, probate judge of said county and state, at his office in Ponca, this 27th day of August, A. D. 1873, and the probate seal of said office hereunto affixed.    J. W. PORTER, *Probate Judge.*

The commissioners so appointed took the oath required by law,' and after examination made the following assignment of dower and report: "In the matter of the estate of Edward Serry, deceased, we, the undersigned commissioners appointed by the Hon. J. W. Porter, probate judge of Dixon county, to assign, allot, and set off, to Mrs. Charity Serry, her dower in the estate of her late husband, Edward Serry, deceased, respectfully report to your honor as follows:

"That by virtue of the annexed from the probate court of the said county, [we] having been first duly sworn as required by law, have, from the premises described, allotted and set off to Mrs. Charity Serry, the following lands and tenements as her dower in the said estate, viz.:

"The west ½ S.W. ¼ and N. E. ¼ of S.W. ¼ of section 6, township 30, range 6 east, and the N. E. ¼ of the N. E. ¼ of the N. E. ¼, and east ½ of west ½ of N. E. ¼ of N. E. ¼ of section 30, township 31, range 6 east.

" Certified by us this 22d day of September, A. D. 1873.

"J. B. BARNES.
"WILLIAM BANDT.
"ALEXANDER CURRY."

There is also the following entry in the record of the probate court of Dixon county:

"And now on the 8th day of September, A. D. 1873, the probate court is in session. And now at this time comes Charity Serry, with her counsel, Alexander Hughes, and

all the heirs of said estate, to wit, Jonathan J. Serry in person, and the other minor heirs, to wit, Edward E. Serry, Sarah E. Serry, Charity I. Serry, Maria D. Serry, Charles O. Serry, and William H. Serry, who appeared by their guardian, (their mother,) to wit, Charity Serry, in answer to the summons issued by the court September 2, 1873, and the summons having been returned served, the case is called, and the said Charity Serry giving her approved bond for the estate of Edward Serry, and also her bond as guardian of the minor heirs of the estate of Edward Serry, deceased, the petition is heard asking that commissioners be appointed to set off the dower of the said widow, Charity Serry. And it being shown to this court that the property of the said Edward Serry, deceased, has never been appraised, the court appoints Wm. Bandt and Alexander Curry to appraise the property, and a commission to do so is issued; and there being none to dissent to said petition, (to wit, pray that commissioners be appointed to set off the dower,) and the court, considering the matter, finds that and believes that according to the Revised Statutes in such cases made and provided, that the widow is entitled to dower, though the last will of the said Edward Serry, deceased, makes no provision for dower; and therefore the court does order that the dower be set off to the said Charity Serry, and hereby appoints Wm. Bandt, Alexander Curry, and William McDonald, as commissioners to set off the same, and that they report on the 22d day of September, A. D. 1873; and there being no other business before the court, court adjourned to September 22d, 1873, and this, the case of the estate of Edward Serry, is continued.          J. W. PORTER, *Probate Judge.*"

"And now on this 22d day of September, court being open, come Charity Serry, the widow of Edward Serry, deceased, and her attorney, Alexander Hughes, and file the inventory of the estate of said deceased. And now also come the commissioners chosen to appraise the property

and file their report, being Wm. Bandt and Alexander Curry. And now come the commissioners, to wit, Wm. Bandt, Alexander Curry, and J. B. Barnes, (appointed by the court in the place of McDonald, who is absent.) And for the record of the reports of Charity Serry, administratrix, go see inventory, page 5. And for report of appraisers, see record, page 52. And for report of commissioners to set off dower, see record book, pages 53 and 54. And now the reports having been filed and accepted, court adjourned.        J. W. PORTER, *Probate Judge.*"

The testimony shows that at the time of the death of their father, the plaintiffs were all under the age of fifteen years, the youngest being about two years of age. The appraised value of the personal estate is shown to have been less than $500. There were a number of debts against the estate and real property belonging to the estate seems to have been sold to pay such debts.

The petition for assignment of dower was filed before the payment of the debts, and dower was assigned before such debts were paid. The dower assigned seems to have been the homestead which the widow and her children (the plaintiffs) were occupying when the petition to assign dower was filed. The widow was appointed guardian for her minor children, and so far as the record discloses, was faithful in discharging the trust. The estate evidently was not very large, but she seems to have fed and clothed the plaintiffs; and there is no claim that she defrauded them in any manner whatever. If, therefore, the plaintiffs are entitled to recover, it is upon the sole ground that the proceedings assigning dower are void.

The principal case relied upon by the plaintiffs to sustain their position, is *King v. Merritt*, 34 N.W. Rep. 689, where the court held in effect that the record failed to show that a petition for the assignment of dower had been filed, or that notice of such application had been given. In that case the record failed to show that the widow ever occupied or pos-

sessed any portion of the premises under the claim of dower or any other claim. It will be seen, therefore, that the case cited has no application to that under consideration. The plaintiffs assert that the petition in this case fails to state facts sufficient to give the county court jurisdiction, because it fails to allege that her right to dower is "not disputed by the heirs or devisees." We do not think the failure to allege that fact is fatal to the jurisdiction of the county court. Such allegation is proper in a petition, but is not jurisdictional. If any person interested in the real estate as heir or devisee disputes the right of dower, he may allege such facts in his answer and establish the same by proof. In *Guthman v. Guthman,* 18 Neb. 98, this court held that in order to oust the county court of jurisdiction, the right of a petitioner for dower must be disputed by presenting an issue of fact which, if established by proof, would defeat her claim of dower. This, we think, is a correct statement of the law, and will be adhered to.

2. It is claimed that the probate judge should have made an order directing the manner of service of the notice.

It is sufficient to say that while the entry of such order is proper, the failure to enter the same is not fatal to the jurisdiction of the court. The second objection, therefore, is unavailing. The third objection is that the notice was never served on the plaintiffs in a manner authorized by law. Section 8 of chapter 23, Compiled Statutes, provides: "When a widow is entitled to dower in the lands of which her husband died seized, and her right to dower is not disputed by the heirs or devisees, or any person claiming under them or either of them, it may be assigned to her in whatever counties the lands may lie, by the judge of probate for the county in which the estate of the husband is settled, upon the application of the widow, or any other person interested in the lands; notice of which application shall be given to such heirs, devisees, or other persons, in such manner as the judge of probate shall direct. For the pur-

pose of assigning such dower, the judge of probate shall issue his warrant to three discreet and disinterested persons, authorizing and requiring them to set off the dower by metes and bounds, when it can be done without injury to the whole estate." It will be observed that the mode of giving notice is to be such as is directed by the county judge. Being disinterested, the law presumes that he will guard and care for the rights of the heirs and devisees of the estate. He is therefore given a discretion as to the manner of service of notice, and unless there has been such a violation of duty on his part as to oust the court of jurisdiction, his acts in the premises will not be declared void. The general rule is that a party cannot serve a notice in an action to which he is a party, as there is danger of collusion and fraud. The cases cited by the plaintiffs, however, appear to be under statutes or rules prescribing the form of service, and where the court had no discretion in the premises, and they do not seem to be applicable to this case. We do not approve of the mode of service in this case, however, and in a direct proceeding to contest the judgment, it would be held insufficient; but it is not subject to collateral attack.

The fourth objection therefore is overruled.

The fifth objection is that there is no order of confirmation of the report of the commissioners. Section 9, chapter 23, of the Compiled Statutes, provides that: "The commissioners shall be sworn before a judge or justice of the peace, to the faithful discharge of their duties, and shall, as soon as may be, set off the dower according to the command of such warrant, and make return of their doings, with an account of their charges and expenses, in writing, to the probate court; and the same being accepted and recorded, and an attested copy thereof filed in the office of the register of deeds of the county where the lands are situated, the dower shall remain fixed and certain, unless such confirmation be set aside or reversed on appeal; and one-half

the costs of such proceedings shall be paid by the widow, and one-half by the adverse party." It will be observed that the words "accepted" and "recorded" in the above section, are used in the sense of confirmed. That is, if the assignment of dower by the commissioners is satisfactory to the judge, then he shall accept and record the same. This is the mode pointed out in the statute for his approval and confirmation of the report. It is not claimed that the report of the commissioners and assignment of dower were not properly recorded.

The fifth objection, therefore, is not well taken.

The statute in force in 1873 declared that: "The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seized, of all estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."

The land in controversy was owned in fee by the father of the plaintiffs at the time of his decease. Their mother, therefore, so far as appears, was entitled to dower in such lands. There is no claim that she had been lawfully barred of such dower, or that her claims were not valid and subsisting, aside from the fact that the mode of assigning the same is claimed to be irregular and void. Even if this were so, the proper action would be to have dower assigned to their mother, and not to divest her of all claim to the use of said estate.

About the year 1881 the widow married one Mungar, and afterwards sold and conveyed her dower rights in the premises to the defendants. It is claimed that no right passed to these defendants until dower had been lawfully assigned. This is based upon the theory that the proceedings assigning dower are void. This, as we have seen, is not the case. At common law, a right of dower before assignment was a mere *chose* in action and therefore not assignable. This fact has led to some confusion in the

cases; and even in some of the states where the statute authorizes the bringing of an action in the name of an assignee of a *chose* in action, the courts have placed a narrow construction upon the language, so as to exclude the assignee in proceedings for the admeasurement of dower. No good reason, so far as we are aware, has been stated for such exclusion and no such restriction should be placed on the right of the widow to assign, or the assignee to take, her interest in the property.

Upon the whole case it is apparent that the judgment is right, and it is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.