MARY ELLA TYSON v. AMASA F. TYSON ET AL.

FILED MARCH 17, 1904. No. 13,343.

1. **Dower and Homestead: COUNTY COURT: JURISDICTION.** When a widow is entitled to dower and homestead in lands of which her husband died seized, and the facts upon which her right of homestead and dower depend are not in dispute, the county court of the county in which the estate of the husband is settled has jurisdiction to assign such dower and homestead.

2. ———. In order to oust the county court of such jurisdiction, the right of the widow must be disputed by presenting an issue of fact, which if established by proof would defeat her claim of dower or homestead, and such issue must be one which the county court by its organization is unable to try. Following *Guthman v. Guthman*, 18 Neb. 98; *Serry v. Curry*, 26 Neb. 353.

3. **Extent of Homestead.** In a contest between the widow and the heirs at law as to the extent of her homestead in suburban lands, she is entitled to a homestead not exceeding 160 acres in area and $2,000 in value.

ERROR to the district court for Washington county: CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*Brome & Burnett,* for plaintiff in error.

*Frank Dolezal* and *E. C. Jackson, contra.*

ALBERT, C.

Peter Tyson died intestate in Washington county; the plaintiff in error is his widow; the defendant in error, Amasa F. Tyson, is his only child, and had attained his

majority at the time of his father's death.   The other de-
fendant in error is administrator of the estate.   On the
15th day of January, 1903, the defendant in error, Tyson,
filed a petition in the county court which, so far as is
material at present, is as follows:

"The said decèdent (referring to the intestate) died
seized of the following described lands situated in said
Washington county, to wit:   The north half of the south-
west quarter, N. W. ¼ of S. E. ¼, and lot 1 of section 9
in township 17 north, range 10 east, and containing about
156 and ¾ acres of land, and all of which is a farm highly
improved and the reasonable value of the use of the culti-
vated lands of said farm a year, being the rent thereof, is
reasonably worth the sum of $350 a year and was worth
said rental during the year 1902.   That said Mary Ella
Tyson claims a homestead interest in said premises, and
occupies the dwelling house and buildings under her claim
that the same was the homestead of said decedent and of
herself during the lifetime of said decedent and at the
time of his death, and your petitioner alleges that the said
homestead consisting of the said dwelling house and out-
houses and the land upon which the same are situated to
the extent in value of $2,000 is a homestead, and that the
said Mary Ella Tyson is entitled to use and occupy said
dwelling house and outhouses with so much land upon
which the same is situated as taken together with said
buildings, shall equal in value the sum of $2,000, and no
more, as a homestead.   That in addition to said homestead,
the said Mary Ella Tyson is entitled to dower interest in
said land to the extent of one-third thereof, and is entitled
to have the same set aside, and that your petitioner is en-
titled to the remainder of said premises, and that the said
Mary Ella Tyson under the said claim of homestead and
dower wrongfully excludes your petitioner therefrom, and
wrongfully claims the whole of said real estate as home-
stead and dower, and refuses to account for the rent of that
portion thereof not included in the homestead interest to
which she is entitled; that said real estate is of the value

of $11,750, and exceeds the homestead in value by $9,750, and the said Mary Ella Tyson also claims the right to receive from said estate the said sum of $35 a month as support, as specified in said order of this court, and is drawing the same."

The prayer is for the appointment of three persons to set off the homestead and dower of the plaintiff by metes and bounds, the former not to exceed $2,000 in value.

The answer, among other allegations, contains the following:

"That said Mary Ella Tyson is receiving $35 a month for her support, and is occupying and using the land described in said petition and claims the exclusive right so to do. Further answering, said Mary Ella Tyson alleges that the land described in said petition consists of 156¾ acres of land, being the land upon which the dwelling house of said deceased is situated, and not in any incorporated city or village; that said land and all of it was the homestead of said Peter Tyson and Mary Ella Tyson, his wife, upon which they resided at the time of the death of said Peter Tyson, and that said homestead and all of it at the death of said Peter Tyson vested in his surviving wife, Mary Ella Tyson, during her life, and said petitioner, Amasa F. Tyson, has no right to or interest in said land during the life of said Mary Ella Tyson. Said Mary Ella Tyson further shows to the court that said petitioner has no present interest in said land; that the county court of said Washington county has no right or power to try or in any manner adjudicate the claim and title of said Mary Ella Tyson to said land and all thereof, or by its judgments or decrees in any manner inquire respecting same, determine or interfere with her right to the use and possession thereof, or to set off a homestead or assign dower therefrom, and the said Mary Ella Tyson hereby objects to the exercise of any power or jurisdiction of said county court in that behalf."

A hearing was had, and the county court found that the plaintiff in error had a homestead in the premises, or in so

much thereof as should not exceed in value $2,000, and was entitled to dower therein, and appointed three persons to assign her dower and homestead by metes and bounds. From that decree the plaintiff in error prosecuted error to the district court, where the decree of the county court was affirmed. The case is brought here by petition in error.

The plaintiff contends that the county court was without jurisdiction over the subject matter. This contention is based on section 16, article VI of the constitution, which gives county courts original jurisdiction in all matters of probate, settlements of the estates of deceased persons, the appointment of guardians and the settlement of their accounts, and such other jurisdiction as may be given by general law, but which also provides that they shall not have jurisdiction "in actions in which title to real estate is sought to be recovered, or may be drawn in question."

*Guthman v. Guthman,* 18 Neb. 98, involved a construction of the constitutional provision just quoted. In that case, the widow made application in the county court for an assignment of dower, and inferentially homestead, in certain lands of which her husband died seized. Her right of dower and homestead in the lands was admitted, but the jurisdiction of the county court to grant the relief sought was challenged on the same ground that the jurisdiction of such court is questioned in this case. The holding of the court in that case is reflected by the headnotes, which are as follows:

"1. When a widow is entitled to dower in the lands of which her husband died seized, and her right to dower is not disputed by the heirs or devisees, or any person claiming under them or either of them, it may be assigned to her in whatever county the lands may lie, by the county court of the county in which the estate of the husband is settled, upon the application of the widow.

"2. In order to oust the county court of such jurisdiction, the right of the applicant to such dower must be disputed by presenting an issue of fact which, if established by proof, would defeat her claim of dower, and such

issue must be one which the county court by its organization is unable to try.

"3. A county court has jurisdiction to set aside a homestead to a widow by virtue of its general jurisdiction in matters of probate and the settlement of estates."

In *Serry v. Curry*, 26 Neb. 353, this court, after quoting the second headnote in *Guthman v. Guthman, supra*, say: "This, we think, is a correct statement of the law, and will be adhered to." The jurisdiction of the county court in such matters is also recognized in *Brandhoefer v. Bain*, 45 Neb. 781, and *Clemons v. Heclan*, 52 Neb. 287. The plaintiff has not overlooked the rule announced in *Guthman v. Guthman, supra*, but attempts to distinguish between that case and the one at bar. The distinction as stated in the language of her brief is as follows:

"In the *Guthman* case, the widow filed her petition claiming dower. The heir at law by his answer admitted that she was entitled 'to have and receive her dower right in the estate.' Under these circumstances, the court might very well say, as it did, 'that the petitioner's right of dower was not disputed in the manner contemplated by the statute so as to oust the county court of jurisdiction.' In the case at bar, the petition of Amasa F. Tyson in the county court recited the fact that plaintiff in error claimed all of the premises as a homestead, and alleged that she wrongfully excluded the petitioner from the entire premises on account of such claim. It appeared upon the face of the petition that the precise and only question the petitioner sought to have determined was the validity of the claim of plaintiff in error to a life estate in the whole 156¾ acres."

The language thus quoted obviously shows some points of difference between the two cases, but they are not, we think, such as would remove the case at bar from the operation of the rule announced in the other. It is conceded by counsel that the pleadings in this case presented no question of fact, but merely a question of law. That was precisely the condition of the pleading in *Guthman v.*

*Guthman, supra,* and this court held, as we have seen, that, in order to oust the jurisdiction of the county court, the right of the applicant must be disputed by presenting an *issue of fact* which, if established by proof, would defeat her claim, and such issue must be one which the county court by its organization is unable to try. As no such issue was presented in this case, on the authority of the cases just cited, it seems too clear to admit of argument that the county court had jurisdiction in the premises.

Another contention of the plaintiff is that she is entitled to hold and occupy the entire tract of land as a homestead, regardless of its value, and this contention is supported by a more plausible argument than we should have thought possible in view of the plain provisions of the homestead act. A homestead within the meaning of that act, chapter 36, Compiled Statutes (Annotated Statutes, 6200), is defined and limited by the first section thereof, which is as follows:

"A homestead not exceeding in value $2,000, consisting of the dwelling house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding 160 acres of land, to be selected by the owner thereof, and not in any incorporated city or village, or instead thereof, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village shall be exempt from judgment liens and from execution or forced sale, except as in this chapter provided."

The first limitation imposed is that the homestead shall not exceed $2,000 in value; the next, that it shall not exceed 160 acres of land not in any incorporated city or village, or, in lieu thereof, not exceeding two lots within such city or village. The head of a family might actually occupy more than 160 acres of land, not in an incorporated city or village, or more than two lots in such city or village, as a family homestead. But it will not be claimed that, in a case of that kind, the surviving spouse would take a life estate in the excess by virtue of the homestead

act. The limitation as to value is as certainly and positively fixed by statute as the limitation as to quantity. Neither are we able to see that the surviving spouse has any greater rights when the claimant of the excess is an heir of the deceased instead of a creditor. The homestead, which vests in such survivor for life, is the identical homestead in quantity and value defined in section 1 of the act. The statute recognizes none other.

It is also contended that the county court erred in not taking into acount the rights of the plaintiff under the provisions of section 22, chapter 23, Compiled Statutes (Annotated Statutes, 4922), to the effect that a widow who, at the time of her husband's death, shall be living therewith, and not owning in her own right a residence suitable to her condition in life, may remain in the dwelling house of her husband after his death, so long as she remains a widow, without being chargeable with rent. This contention is supported by no argument, and it will suffice to dispose of it to say that it is not presented by the pleadings.

It is recommended that the decree of the district court be affirmed.

GLANVILLE, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.