CHRISTINA S. SWOBE V. CHARLES MARSH, EXECUTOR, ET AL.

FILED FEBRUARY 22, 1905.   No. 13,694.

1. **Dower**: JURISDICTION. The district court has jurisdiction in proceedings to assign dower.

2. ———: ———. The county court has jurisdiction to assign dower only when the right to dower is not disputed by the heirs and devisees or any persons claiming under them or either of them.

ERROR to the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*Charles W. Haller,* for plaintiff in error.

*Searle & Adams* and *Edward M. Martin,* contra.

LETTON, C.

This action was begun by the plaintiff in error against the defendants in error in the district court for Douglas county. The petition alleges, in substance, that the plaintiff in error is the widow of one John A. Swobe, deceased. That her late husband died siezed of a certain lot in the city of Omaha, which was occupied during his lifetime by her husband and herself as a homestead, and of another lot contiguous thereto in which she was entitled to dower. The petition alleges that the defendants are the executors and heirs at law of the deceased; that she has elected not to take under the will; that all the defendants dispute her right to dower and homestead in the premises, and she prays that the court may cause her dower to be ad-

measured and set apart to her in lot 3, and that lot 2 may be set apart to her as her homestead. The defendants each demurred to the petition both generally and for lack of jurisdiction of the subject matter and for a defect of parties defendant. The demurrer was sustained by the district court, and judgment was rendered dismissing the case.

The question presented is whether or not the district court has original jurisdiction to set off dower in a case where the petition alleges that the right to dower is disputed by the heirs or devisees. The constitutional and statutory provisions as to the jurisdiction of the district courts and county courts must be examined in order to determine the question presented. Section 9, article VI of the constitution, provides: "The district courts shall have both chancery and common law jurisdiction"; and section 24, chapter 19, Compiled Statutes, 1903 (Ann. St. 4734), provides: The district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided." The section of the constitution specifying the probate jurisdiction of the county court is as follows (sec. 16, art. VI): "County courts shall be courts of record and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts; in all matters relating to apprentices; and such other jurisdiction as may be given by general law." The statutory provisions with reference to the county court which are applicable are as follows (sec. 3, ch. 20, Comp. St., Ann. St. 4787): "The courts of probate in their respective counties shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons, and the guardianship of minors, insane persons and idiots."

Section 8, chapter 23, Compiled Statutes, 1903 (Ann. St. 4908), is as follows: "When a widow is entitled to dower in the lands of which her husband died seized, and

her right to dower is not disputed by the heirs or devisees, or any person claiming under them or either of them, it may be assigned to her in whatever counties the lands may lie, by the judge of probate for the county in which the estate of the husband is settled, upon the application of the widow, or any other person interested in the lands."

The first case in which the right of the county court to assign dower has been construed in this state is *Guth-man v. Guthman*, 18 Neb. 98. In that case the widow filed her petition in the county court, alleging her widow-hood; that her husband died seized of certain lands in Lancaster county which during his lifetime constituted their homestead; that he died testate, but that she refuses to accept the provisions of the will, and brings this action for the assignment of her dower and the setting apart of her homestead. The heir answered, challenging the juris-diction of the court to apportion any homestead rights or dower, and denying all other allegations in the petition. The county court assigned dower and homestead as prayed, and an appeal was taken to the district court. That court found that the petitioner was entitled to dower but that she was not entitled to have a homestead assigned, on the ground that, the right to the homestead being con-tested, the county court had no jurisdiction to assign and set off the same. On error to this court, the judgment of the district court affirming the judgment of the county court as to dower was affirmed, and in so far as it reversed the judgment of the county court as to homestead was re-versed, and the judgment of the county court was in all things affirmed. It was insisted in the district court that, because of the answer filed in the county court, the right to dower was disputed, and therefore the statute giving the county court jurisdiction did not apply. It was held that the allegations of the answer were not suf-ficient to raise any dispute in regard to the widow's right of dower and therefore the county court had jurisdiction. In the opinion, which was by Chief Justice COBB, it seems to be assumed that the assignment of dower is a matter

of probate or of settlement of the estate of a deceased person, and it is said:

"This provision of statute was enacted long before the adoption of the present constitution, and at most can only be construed to be a limitation upon the general power conferred upon county courts by that instrument to 'have original jurisdiction in all matters of probate, settlements of estate of deceased persons,' etc. Jurisdiction being thus conferred by the constitution, it is a question whether, even under the provisions of the above statute, it can be taken from it merely at the volition of a party respondent. But if it be granted that it can be done by pleading facts and the presentation of an issue or issues which the county court is incompetent to try—such, for instance, as the title to land, or the relationship of husband and wife—it will not be denied that such issue must be actually presented by proper pleading, and cannot arise by implication. Ordinarily a question of jurisdiction may, and in some cases must be made at the very threshold; but here the right of the petitioner to dower must be first disputed by an answer setting up facts which, when proved, will overthrow the claim of the petitioner." And it is said in the second paragraph of the syllabus: "In order to oust the county court of such jurisdiction the right of the applicant to such dower must be disputed by presenting an issue of fact, which, if established by proof, would defeat her claim of dower, and such issue must be one which the county court by its organization is unable to try."

The precise question presented and decided in the case is that the petition was sufficient and that the answer did not sufficiently set forth facts to show that the right of dower was disputed; but it is apparently assumed in the opinion that jurisdiction to assign dower by the county court was conferred by the constitution as a part of its original probate jurisdiction. This is based upon the false premise that the assignment of dower is a matter of probate or settlement of the estate of a deceased per-

son, is clearly wrong, and is a mere dictum not necessary to the determination of the question presented.

*Serry v. Curry,* 26 Neb. 353, was an action of ejectment brought by the heirs of Edward Serry, deceased, against the defendants, who claimed possession under an assignment of dower made to the plaintiffs' mother and afterwards assigned to them. The plaintiffs claimed that the assignment of dower was void and therefore the defendant had no rights in the premises, and that the petition in the dower proceedings failed to state facts sufficient to give the county court jurisdiction, because it did not allege that the right to dower was not in dispute by the heirs or devisees. This court held that such allegation was not jurisdictional; that if any person interested in the real estate disputes the right of dower he may allege such facts in his answer and establish the same by proof. Citing *Guthman v. Guthman,* 18 Neb. 98.

In *Clemons v. Heelan,* 52 Neb. 287, the plaintiff filed her petition in the district court for Lancaster county, alleging the plaintiff's widowhood and right of dower, and further alleging that the defendants, who were the administrators and devisees, unlawfully and wrongfully had possession of the property, claiming to own the whole tract thereof in fee simple, denied the right of plaintiff to any part of said premises, and had forcibly excluded her from her right of dower therein. The defendants answered, claiming title and asking that the plaintiff might be decreed to have no estate or title in the premises. The court held that the pleadings showed an actual dispute and that the district court had jurisdiction.

*Tyson v. Tyson,* 71 Neb. 438, was a case wherein the heir applied to the county court to have the homestead and dower right of the widow set apart. The widow answered, claiming all of the premises as her homestead, and objected to the jurisdiction of the county court. The only question the petition sought to have determined was the validity of the widow's claim to a homestead in the whole 156¾-acre tract, and the issue tried was whether

the value of this tract exceeded the amount of the homestead exemption. The plaintiff contended that the county court was without jurisdiction over the subject matter for the reason that section 16, article VI of the constitution, which gives county courts original jurisdiction in probate matters, also provides that they "shall not have jurisdiction * * * in actions in which the title to real estate is sought to be recovered or may be drawn in question." The court held that the pleadings presented no question of fact but one of law merely, and followed the *Guthman* case.

Under the common law if dower was not assigned to the widow within the time limited by will, she had her remedy by writ of dower *unde nihil habet*. Blackstone says, Book 3, sec. 183: "But if she be deforced of part only of her dower, she cannot then say that *nihil habet;* and therefore she may have recourse to another action, by writ of *right of dower;* which is a more general remedy, extending either to part or the whole; and is of the same nature as the grand writ of right is with regard to claims in fee simple."

In *King v. Merritt,* 67 Mich. 194, the statute of Michigan with reference to the assignment of dower, which is exactly the same as that of Nebraska, is construed, and it is said:

"The jurisdiction of the probate court in the matter of dower is purely statutory. It is in no way essential to the settlement of the estate. Smith, Probate Law, 214. It is a proceeding, when the estate is solvent, in which only the widow and heirs are interested. *Campbell, Appellant,* 2 Doug. (Mich.) 139, 146; Cheve, Probate Law, 246. And proceedings to assign dower may be had at any time before, during, or after administration is closed. * * * The writ is of the same nature and efficacy as the writ of right to recover the fee. 3 Blackstone, Commentaries, 182. This writ issued upon the filing of a *præcipe* wherein the widow states that she has been married, and declares herself to be the wife of the person

whom she claimed was her late husband. And the writ would be abated if this was omitted. *Fulliam v. Harris,* 3 Cro. Jac. (Eng.) 217; 1 Roper, Husband and Wife, 429; *William v. Gwyan,* 2 Saund. (Eng.) 43, and note; 3 Chitty, Pleading, 1311. * * * The statute under which this claimed dower proceeding was had is a special one, and all the facts necessary to give the court jurisdiction must in some manner be made to appear. Rev. St. 1838, p. 263; Gary, Probate Law (2d ed.), sec. 434; *Sheafe v. O'Neil,* 9 Mass. 9; *Ryder v. Flanders,* 30 Mich. 336; *Smith v. Smith,* 5 Dana (Ky.), 179; *Stevens v. Stevens,* 3 Dana (Ky.), 371."

Mr. Washburn, speaking of the modes of assigning dower says: "One mode is the common law action of dower, another is by proceedings in equity, and a third is one provided in most, if not all the states, by a cheap and summary process issuing from courts having cognizance of probate matters. In some cases these may be concurrent remedies. But, generally speaking, the last is more restricted than either of the others, and is confined to cases where the claim of the widow is upon the heir or devisee of the husband, and is not the proper one to resort to when it is necessary to determine a contested right of dower." Washburn, Real Property (6th ed.), sec. 463.

The assignment of dower is not the settlement of an estate nor any part of a settlement of the estate of a deceased person. It is not a matter of probate for it has nothing whatever to do with the probate of a will. It was a matter of which the common law courts had jurisdiction, and our district courts still retain it by virtue of the constitution and the statutes. *Sheafe v. O'Neil,* 9 Mass. 9; *Woodward v. Lincoln,* 9 Allen (Mass.), 239; *French v. Crosby,* 23 Neb. 276. Jurisdiction has also been conferred upon the county court to assign dower, but this jurisdiction is confined to those cases in which the right is not disputed, and is conferred by virtue of the constitutional provision which confers "such other

jurisdiction as may be given by general law." *Thomas v. Thomas,* 73 Ia. 657, 35 N. W. 693; Gary, Probate Law, sec. 430, *et seq.;* note to *Sanders v. McMillian,* 39 Am. St. Rep. 33. The error in the former holdings has been to assume that original jurisdiction resided only in the county court, and that the jurisdiction of the district court only attached when the right to dower was disputed. This has never been expressly decided by this court, but the language in the *Guthman, Serry* and *Tyson* cases admits of such interpretation. The jurisdiction of the district court to assign dower has in nowise been curtailed by the provisions of section 8, chapter 23, Compiled Statutes, 1903 (Ann. St. 4908). This merely confers a jurisdiction upon the county court which it did not possess before its enactment, and is cumulative in effect. The same reasoning applies with regard to the general powers of the district court to set apart the homestead. The petition sufficiently states a cause of action for the assignment of both dower and homestead and the demurrer should have been overruled.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.