## COUGHLIN *v.* DISTRICT OF COLUMBIA.

1. After the adjournment without day of a term, whereat a final judgment on a verdict was rendered by one justice of the Supreme Court of the District of Columbia, and an appeal taken therefrom to the general term, but no bill of exceptions or case stated filed, a new trial cannot be granted upon a case stated filed by him at a subsequent term.
2. When a verdict and a judgment for the plaintiff were wrongly set aside, and the error appears of record, he may, without a bill of exceptions, avail himself of it upon a writ of error to reverse a final judgment afterwards rendered against him.
3. When a judgment for the plaintiff in a personal action was erroneously set aside, and a subsequent final judgment against him is brought up by writ of error, pending which he dies, this court will affirm the first judgment *nunc pro tunc.*

ERROR to the Supreme Court of the District of Columbia. The case is stated in the opinion of the court.

*Mr. Walter D. Davidge* and *Mr. Reginald Fendall* for the plaintiff in error.

*Mr. Albert G. Riddle* for the defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This is an action to recover damages for a personal injury sustained by reason of a defect in a highway. The Supreme

Court of the District of Columbia originally held that the action could not be maintained against the defendant, and gave judgment in its favor.    But this court on writ of error reversed that judgment and ordered a new trial.    *Dant* v. *District of Columbia*, 91 U. S. 557.    Upon the present record that decision of this court must, as was assumed by both counsel at the argument, be considered as settling the law of the case on the question then decided.

This record shows the following proceedings: At October Term, 1876, of the Supreme Court of the District of Columbia, held by one justice, a new trial was had pursuant to the mandate of this court.    On the 18th of November a verdict was returned for the plaintiff in the sum of $5,000, and judgment rendered thereon, and the defendant moved the judge for a new trial, because the verdict was contrary to law and the instructions of the court, and to the evidence in the case, and because the damages were excessive.    On the 26th of December that motion was overruled.    On the 5th of January, 1877, the defendant filed this appeal : " And now comes the defendant by its attorney, and appeals from the judgment rendered against it at this term to the general term of said court, having first filed in said cause a statement of the case ; " and on the same day October Term, 1876, was adjourned without day.

No statement of the case was filed until the next term, at which, on the 9th of March, 1877, a transcript of the pleadings and of the instructions to the jury, and an abstract of all the testimony given in the cause, were filed; with a certificate, under the hand and seal of the judge who presided at the trial, to their correctness, and " that, for the purpose of making a case stated on appeal by the defendant from the verdict of the jury and the order of the justice refusing a new trial, I sign and seal this paper, and order it to be filed as of the day of appeal, January 5, 1877, the defendant not having been guilty of laches in the case ; that to my signing and sealing this paper the plaintiff objects, which objection is overruled by me, and to the overruling of which objection the plaintiff excepts."

At September Term, 1877, there was a " motion for new trial on case stated filed in general term October 3, 1877 ; " and on the 8th of December, 1877, the court in general term re-

versed the judgment below, and remanded the case to be tried anew.  At the third trial the jury returned a verdict for the defendant, under an instruction that the plaintiff could not recover because the evidence showed contributory negligence on his part.  To this instruction he tendered a bill of exceptions, which was allowed and made part of the record, and, after judgment on this verdict for the defendant, was entered at a general term of the court, which, on the 11th of November, 1878, affirmed the judgment, and on the next day the plaintiff sued out this writ of error.

Since the entry of the case in this court the plaintiff has died, and the action is prosecuted by his administrator.

The Revised Statutes of the United States relating to the District of Columbia contain the following provisions: An exception taken at the trial of a cause may be reduced to writing at the time, or "may be entered on the minutes of the justice, and afterwards settled in such manner as may be provided by the rules of the court, and then stated in writing in a case or bill of exceptions, with so much of the evidence as may be material to the questions to be raised."  Sect. 803.  The justice who tries the cause may, in his discretion, entertain a motion, entered on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; "but such motion shall be made at the same term at which the trial was had."  Sect. 804.  "When such motion is made and heard upon the minutes, an appeal to the general term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner."  Sect. 805.  "A motion for a new trial on a case or bill of exceptions, and an application for judgment on a special verdict or a verdict taken subject to the opinion of the court, shall be heard in the first instance at a general term."  Sect. 806.

By the rules of the Supreme Court of the District of Columbia, which are made part of the record, every motion for a new trial must be in writing, and state the grounds upon which it is based, and be made within four days after verdict, and be entered on the minutes of the court on the day on which it is presented, Rule 61; "the bill of exceptions must be settled

before the close of the term, which may be prolonged by adjournment in order to prepare it," Rule 65 ; and "in every case the fact of the settling and filing of the bill of exceptions and that it is made part of the record shall be noted on the minutes of the court," Rule 68.

By the statutes above quoted, although a motion for a new trial on a case or bill of exceptions may " be heard in the first instance at a general term," any exception stated in the case or bill must either have been reduced to writing at the trial, or have been then entered on the minutes of the justice, and "afterwards settled in such manner as may be provided by the rules of the court;" and those rules require it to be "settled before the close of the term."

The record in this case shows that October Term, 1876, was adjourned without day on the 5th of January, 1877, and does not show, otherwise than by the certificate afterwards filed by the judge, what were his rulings in matter of law, or that any exception to such rulings was taken by the defendant. The only motion for a new trial made within four days after verdict, as required by the sixty-first rule, was the motion filed at that term. Even if the court in general term could dispense with its rules so far as to entertain an original motion for a new trial after the time therein prescribed, and if the " motion for a new trial upon case stated filed in general term October 3, 1877," can be deemed a distinct motion filed for the first time in the general term, the difficulty remains that the only case stated which appears of record is the case stated by the judge two months after the final adjournment of the term at which he had overruled the motion made before him for a new trial, on the ground, among others, that the verdict for the plaintiff was contrary to law, and had rendered judgment on that verdict, and an appeal from his judgment had been taken to the general term. At that stage of the case the judge could not, without contravening the express provisions of the statutes and the decisions of this court, present for consideration in an appellate court questions of law which had not been made part of the record at the term at which his judgment was rendered. *Generes* v. *Bonnemer*, 7 Wall. 564. The judgment setting aside the verdict for the plaintiff and ordering a new trial was

therefore erroneous, whether it is to be treated as proceeding upon a distinct motion filed at the general term, or upon an appeal from the decision of the judge on the original motion filed before him.

As the error appears on the record, no bill of exceptions was necessary to secure the rights of the party aggrieved. *Bennett* v. *Butterworth*, 11 How. 669. As the erroneous order directed further proceedings in the court below, he could not bring the case to this court until after such proceedings had been had and a final judgment rendered against him. *Baker* v. *White*, 92 U. S. 176; *Bostwick* v. *Brinkerhoff*, *ante*, p. 3. As without that error the final judgment could not have gone against him, the question is open on his writ of error upon the final judgment.

The judgment rendered upon the verdict in favor of the plaintiff having been erroneously set aside, the subsequent final judgment for the defendant must be reversed, and the former judgment for the plaintiff affirmed as of the date when it was rendered, in order to prevent the action from being abated by the subsequent death of the plaintiff. *Mitchell* v. *Overman*, 103 U. S. 62.

*Ordered accordingly.*

MR. JUSTICE FIELD was not present at the argument, and took no part in the decision of this case.