THE STATE, LAWRENCE K. PEACOCK, PROSECUTOR, v.
HORACE BINDER AND B. LOXLEY KELLY.

A ratification after majority of a contract made during infancy may be qualified and upon conditions. In an action on such a contract, such a conditional ratification will not avoid the defence of infancy unless there is proof of the happening of the conditions annexed thereto.

On *certiorari* bringing up a judgment of a District Court affirming a judgment of the court for the trial of small causes.

By the return and a state of the case agreed on, it appears that the action was brought upon a promissory note made by prosecutor when not of full age, to defendants. The note was given for goods which were not necessaries, sold by defendants to prosecutor. After prosecutor came of age he wrote the following letter in response to requests for payment of the note:

"ATCO, N. J., 2, 25, '92.

" MESSRS. BENDER & KELLY :

"*Gentlemen*—I propose to, if possible, settle June 1st, and if not in full, what I can, equally with all.

" Very truly yours,

" L. K. PEACOCK."

The ability of prosecutor to pay the note, or a part of it, upon June 1st, 1892, was not shown. The judgment was for the whole amount of the note, with interest.

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the prosecutor, *John W. Wartman.*

The opinion of the court was delivered by

MAGIE, J. As it appears that prosecutor interposed the defence of infancy in the trial below, it is obvious that the sole question presented by this *certiorari* is whether proof of his letter of February 25th, 1892, avoided that defence.

The contract proved to have been made during prosecutor's infancy was a voidable contract. *Patterson* v. *Lippincott,* 18 *Vroom* 457. It was therefore capable of being ratified by him after he attained full age.

In my judgment, it is unnecessary to decide in this case whether a contract made during infancy can be established

only by proof of an express promise made after majority, or also by proof justifying the inference of a promise, or of an intent to recognize the binding force of, and to perform, the contract; for such a ratification, established by any such proof, may obviously be qualified by conditions. As the adult may wholly avoid the contract made during infancy, he may avoid it in part or may undertake a conditional performance of it. *Chit. Cont.*, § 47; *Thompson* v. *Lay*, 4 *Pick.* 47; *Proctor* v. *Sears*, 4 *Allen* 95; *Eversen* v. *Carpenter*, 17 *Wend.* 419. In this respect, the ratification after majority of an infant's contract resembles the acknowledgment of a contract barred by the statute of limitations. *Parker* v. *Butterworth*, 17 *Vroom* 244.

If prosecutor's letter in any way established a ratification of his voidable contract, it was plainly a qualified ratification, dependent upon his ability to pay the whole or some part of the note, payment of which had been requested.

Under such a ratification, defendant's right to avoid the defence of infancy could only arise upon further proof that the conditions annexed to the ratification had happened. As there was no proof whatever on this subject, the defence of infancy was an absolute bar to the action, and judgment should have been rendered for prosecutor.

For this reason, the judgment in favor of defendants must be reversed, with costs.