# CHARLESTON.

## Trees v. Eclipse Oil Co. *et al.*

### Submitted Sept. 13, 1899—Decided Nov 28, 1899.

1. Oil Lease—*Construction.*

 An executory oil and gas lease, which does not bind the lessees to carry out its covenants, but reserves to them the right to defeat the same at any time, and relieve themselves from the payment of any consideration therefor, is invalid to create any estate other than the mere optional right of entry, which is subject to termination at the will of either party. (p. 108).

2. Oil Lease—*Termination.*

 Such executory lease is terminated by the death of the lessor. (p. 108).

3. Oil Lease—*Rights and Privileges.*

 A person holding a valid executory oil and gas lease, executed by several of the number of co-tenants, has such an inchoate interest in the land subject to such lease as will enable him to maintain an injunction to prevent a wrongdoer from committing waste by the extraction of such oil and gas. (p. 108).

Appeal from circuit court, Wetzel County.

Bill by J. C. Trees, against the Eclipse Oil Company and others. Decree for plaintiff. Defendants appeal.

*Affirmed,*

Hubbard & Hubbard, J. B. Summerville, and Robert McEldowney, for appellants.

T. P. Jacobs, George L. Roberts, and Charles Gibbs Carter, for appellee.

Dent, President:

The Eclipse Oil Company appeals from a decree of the circuit court of Wetzel County, overruling its motion to dissolve an injunction obtained against it by J. C. Trees, restraining it "from constructing and erecting any oil derrick

or rig and machinery upon the tract of 200 acres of land known as the 'John Hafer Land,' lying in Proctor district, Wetzel county, and also from drilling or boring oil or gas wells on said tract of land." The defendant claims under a similar lease, in all respects, as the one passed on in the case of the Eclipse Oil Company against the South Penn Oil Company at this term of the court; and the same objections that apply to that lease are also present in this one. It was executed by John Hafer, now deceased, on the 16th day of August, 1898, and nothing was done in any manner in furtherance of the objects thereof during his lifetime. Some time after his death, and just within eighteen months of the date of the lease, the Eclipse Oil Company, assignee of the lessees, claim to have paid the annual rental provided for in case of failure to complete an oil well within six months, to the administrator of the deceased, and that the same went into, and was distributed as a part of his estate. Prior to such payment the widow and heirs of the deceased, some of whom were infants, executed an oil and gas lease to the plaintiff, Trees, on the same tract of land. After this last lease was executed the defendant entered upon the land, and began preparations for sinking a well. This injunction followed. As held in the case of *Eclipse Oil Co.* v. *South Penn Oil Co.*, 47 W. Va. 84, (34 S. E. 293), the lessees not being bound to comply with any of the covenants or stipulations of the lease with regard to boring for oil and gas or the payment of the rent, but having the reserved right to vacate the lease at any time they might see fit, and then wholly escape its obligations, the lessor was entitled to do likewise; thus rendering it a mere right of entry, to be terminated at the will of either party thereto while it remained in an executory condition. Such being its character, the death of John Hafer put an end to it. 12 Am. & Eng. Enc. Law, 758b. The defendant's lease being invalid, its act in entering on the land for the purpose of boring for oil was a wrong and a trespass to which any of the co-tenants or their lessee had the right to object; and, while the lessee's right to explore for oil was not perfected, yet he had such an inchoate right that a court of equity will protect against a trespasser or wrongdoer. While one co-tenant may not bore for oil, he can

prevent others from doing so, whether they are co-tenants or trespassers. And he may transfer this right to a lessee. A gas and oil lease carries with it such authority. By payment of rentals to the administrator, the defendant could not revive its defunct lease. As the real parties to the injunction were before the court, the objection that other persons were necessary to the suit, whose interests were involved therein, could not arise on a preliminary motion to dissolve such injunction. The plaintiff having shown a strong equitable right, the injunction should be continued until the final hearing. The decree is affirmed.

*Affirmed.*