# CHARLESTON.

LAWSON *et al. v.* KIRCHNER.

Submitted June 17, 1901. Decided November 30, 1901.

1. INFANTS—*Suit by Next Friend.*
     Where a debt or demand is payable to infants, suit therefor is properly brought in their names by their next friend, although the money when recovered go to their guardian. (p 347).

2. OIL LEASE—*Conveyance of Land.*
     An oil lease for oil and gas purposes is a conveyance or sale of an interest in land conditional and contingent on the discovery and reduction to possession of the oil or gas. (p. 348).

3. OIL LEASE—*Monthly Rents Construed.*
     A person who accepts an oil or gas lease with a stipulation therein contained to pay a monthly rental until a well is completed or until the expiration of a certain fixed term is bound to pay such rental, although he does not within such term enter upon the land and complete such well, unless he was prevented from doing so by the plaintiffs and not by mere personal default. (p. 348).

Error to Circuit Court, Tyler County.

Action by Harvey Lawson and others against W. E. Kirchner. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

ENGLE & RIGGLE, for plaintiff in error.

PUGH & PUGH, J. V. BLAIR and C. R. MARTIN, for defendants in error.

DENT, JUDGE:

W. E. Kirchner complains of a judgment of the circuit court of Tyler County rendered against him on the 20th day of August, 1900, for the sum of four thousand eight hundred and seventy-three dollars and eighty-nine cents, with interest and costs at the suit of Harvey Lawson, an adult, who sues in his own right and Ella Lawson, Maggie Lawson, James Lawson and Calvin Lawson, infants, who sue by C. P. Tustin, their next friend.

The questions presented are as follows:

First. That the suit was improperly brought in the name of the infants by their next friend, but it should have been brought in his name as guardian.

Second. That the decree of the circuit court authorizing the leasing of the land for oil purposes was void for the reason that the statute authorized the court to sell and not to lease.

Third. That the defendant did not agree and is not bound by the conveyance of August the 20, 1895, made to him by C. P. Tustin, guardian of the plaintiffs to pay the rental therein stipulated to be paid, and for which this suit is brought.

These questions were raised by demurrer to the declaration, pleas tendered and motion to set aside the verdict.

The decree confirming the lease is as follows:

"This cause came on this 19th day of August, 1895, to be finally heard upon the papers formerly read, orders heretofore made herein, and upon the report of C. P. Tustin guardian of the infant defendants, Harvey Lawson, Ella Lawson, Maggie Lawson, James Lawson and Calvin Lawson, of the sale made by him of the interests of said infants in the undivided seven-eighths of all the oil and in all of the gas in and underlying the tract of ninety-six acres land in the petition in this proceeding mentioned and described, from which report it appears to

court that said guardian did, on the 17th day of August, 1895, sell at private sale, the interests of said infants in the undivided seven-eighths of the oil and in all of the gas in and underlying the said premises to W. E. Kirchner for the term of two years and as much longer as oil or gas is found in paying quantities, for the sum of two thousand four hundred and seventy-one dollars and forty-three cents cash in hand paid by said purchaser, reserving to said infants the usual royalty of one-eighth of five-sevenths of all the oil obtained from said premises produced in the crude state, the same to be set apart in the pipe lines running said petroleum to credit and for the benefit of said infants, the said infants to fully use and enjoy said premises for the purpose of tillage, except such part as may be necessary for such mining purposes and a right of way over and across said premises to the place of mining and operating, the purchaser not to put down any well or wells on the said premises within ten rods of the buildings now on said premises without the consent of both parties, and for the further consideration that the said W. E. Kirchner shall pay to said infants a monthly rental of one dollar and seventy-eight and four-seventh cents per acre from this date, the first of said rentals to become due on the 13th day of September, 1895, and on the 13th day of each month thereafter, until a well is completed on said premises, or until the expiration of said term of two years, and for the consideration also that the said purchaser pay to said infants the sum of two hundred and fourteen dollars and twenty-eight cents per annum for the gas from each well on said land when utilized off the premises, and the said infants to have gas for domestic purposes after supplying the boilers on the premises for drilling and pumping purposes, the said purchaser to have the privilege to lay all necessary pipe lines and to erect all necessary buildings, for said mining purposes, and the right to remove all machinery, fixtures, engines, boilers, tanks, stations, structures, offices and buildings placed on said land by the purchaser, and there being no objections or exceptions to said report, the same is approved and said sale confirmed.

It is therefore adjudged, ordered and decreed that said C. P. Tustin, guardian as aforesaid do make and deliver to said W. E. Kirchner on behalf of said infant defendants a deed for their interests in the undivided seven-eighths of the oil and in all of the gas in and underlying said tract of ninety-six acres of land in

accordance with the terms shown by said report and this decree.

It is further adjudged, ordered and decreed that said guardian be and is hereby authorized and directed to apply sufficient of the proceeds of the sale of the interests of the said wards in the oil and gas in and underlying said tract of ninety-six acres of land to the payment of the proportionate shares of said infants of the indebtedness of W. S. Lawson, deceased. It is further adjudged, ordered and decreed that the costs of this proceeding to be taxed by the clerk of this court, including a fee of three dollars to C. R. Martin, guardian *ad litem* to said infants, also a fee of two dollars and fifty cents to C. P. Tustin, guardian for making said deed, be paid equally by said infants. And this proceeding is dropped from the docket."

The conveyance or lease in the shape of a deed poll follows the decree strictly.

The lease stipulates that the rentals should be paid to the infants and not to the guardian. Hence the infants and not the guardian had the right to sue for the same in the manner pointed out by the law. The lease was not one the guardian had the right to make except by the direction and under the authority of the circuit court. It had been better if the circuit court had required the lessee to give bond and surety for the prompt payment of the monthly rentals, and then the questions here presented would not have arisen. The court could have required the rentals paid to the guardian instead of to the infants, and he could have instituted suit in his own name, but being made payable to the infants, the suit was properly brought. The guardian was not responsible for these rentals until they were reduced to his possession, and in the meantime he might die, resign, be removed or the children, as one of them did, come of age, and there is no way provided by law to continue or revive the suit in their names had the suit been brought in the name of the guardian. *Burdett, Guardian* v. *Cain's Admr.,* 8 W. Va. 282, 285, 287. The second objection that the court was without the power to lease, but could only sell infant's real estate or some portion thereof is met by the fact that the lease of a tract of land for oil and gas purposes is a conditional contingent sale of the oil and gas in place; that is real estate. *Williamson* v. *Jones,* 39 W. Va. 231; *Wilson* v. *Youst,* 43 W. Va. 826. The title is inchoate and dependent on the finding of the oil and gas by the purchaser in a limited number of days. The sale never be-

comes absolute and fully consummated until the conditions thereof are fulfilled, and the contingency on which consummation depends happens, and if they fail by reason of the default of the purchaser the sale is at an end. *Steelsmith* v. *Garllan,* 45 W. Va. 27. While it is a sale of real estate so far as the lessors are concerned, it is only of such part thereof as the lessee may be able to find and convert into personalty. But it is such a sale as only the court can make, and the guardian cannot make except under the direction and authority of the court. During the life of the lease the lessee has such an interest in the oil and gas in place that he can prevent any other person even the owner of the land from committing waste by the extraction of such oil or gas. *Trees* v. *Eclipse Oil Co. et al.,* 47 W. Va. 107. Hence we must hold that the lease in this case was a sale of the oil and gas in place conditioned on the contingency of the lessee finding the same in a limited time and converting them into personalty by reduction to actual possession and control.

The last objection is that the defendant never having signed the lease or conveyance and never having entered upon or taken actual possession of the property, he cannot be held liable for the rentals reserved. He permitted the court to confirm the sale to him, accepted the conveyance, placed it on record, paid the purchase price and one month rental and raised no objection thereto in any manner until the two years limit had expired.

In 3 Devlin on Deeds, s. 1074, it is said, "The principle is well settled that where one, by deed poll grants land and conveys any *right, title or interest* in real estate to another, and where there is any money to be paid by the grantee to the grantor, or any other debt or duty to be performed by the grantee to the grantor or for his use and benefit and the grantee accepts the deed and enters on the estate the grantee becomes bound to make such payment or perform such duty and not having sealed the instrument, he is not bound by it as a deed; but, it being a duty, the law implies a promise to perform it, upon which promise in case of failure *assumpsit* will lie." The defendant admits this to be the law, but claims that he never entered on the estate. The plaintiffs in no wise hindered him from so doing. If they in any manner prevented him from enjoying the same his defense to their action would have been well founded. They did not do so. He held them bound for two years and they being bound by the conveyance he was also bound thereby. It is not

shown in evidence that he was prevented by anybody from a full enjoyment of the estate conveyed. If he did not have possession it was his own fault. The so-called rental in this case is not reserved for his enjoyment of the estate as in an ordinary lease of realty. But it is compensation or commutation money for his neglect to enjoy it, and at the same time preventing the plaintiffs from conveying the right to the enjoyment thereof to some one else for the stipulated period of two years. His agreement is to pay the monthly rental until a well is completed or until the expiration of the term of two years. As soon as he entered upon the enjoyment of the lease and completed a well the rental was to cease, but if he failed to enter and complete a well the rental was to continue until the expiration of his two years' term. So the rental was not for the actual use or enjoyment of the estate, but was compensation to the plaintiffs for giving him the period of two years in which to enter and enjoy. It was a matter of speculation on his part in which he took the risk of paying the rentals or entering and enjoying. It seems now a hard contract to perform, yet he prevented the plaintiffs for the period of two years from making sale to some one else with whom they might have had better terms and enjoyed greater profits or might have had their lands fully explored and developed. What riches may lie under them no one can tell, although exploration thereof may produce many dry holes. The plaintiffs lived up to their contract, and the Court cannot relieve the defendant from the performance of his as it is written.

The judgment is affirmed.

*Affirmed.*