# CHARLESTON.

FLETCHER *v.* PARKER.

Submitted January 20, 1903.   Decided April 28, 1903.

1.  INFANT—*Next Friend—Judgment.*
    A next friend of an infant cannot compromise a judgment recovered in action in the name of the infant by such next friend, and on part payment release the judgment.  (p. 424).

2.  WRIT OF ERROR—*Judgment.*
    In a writ of error in this Court from a judgment an order is made reciting that it appeared from a writing filed that the "matters in difference herein" have been settled, and dismissing the writ of error "agreed" on motion of the plaintiff in error; such order is not a bar against the judgment, and does not discharge it.  (p. 425).

Appeal from Circuit Court, Summers County.

Bill by Louise Fletcher, by her next friend, against J. A. Parker.  Decree for defendant, and plaintiff appeals.

*Reversed.*

JOHN OSBORNE and THOMPSON & LIVELY for appellant.
MILLER & READ, for appellee.

BRANNON, JUDGE:

Louise Fletcher, an infant, by Frank Lively as her next friend, filed a bill against J. A. Parker in the circuit court of Summers County stating that suing by her next friend, J. R. Fletcher, she had recovered in said court a judgment for $750.00 against Parker; that Parker obtained from the Supreme Court a writ of error to the judgment, but before it was passed upon on its merits Parker effected a compromise with said next friend Fletcher, by which Fletcher agreed to take $200.00 in full payment of the judgment, and that then Parker procured some order to be entered by this Court, which was sent down to the circuit court not saying what order nor in fact filing it; that said next friends Fletcher had no right to make such compromise or collect the judgment; that as the plaintiff was an infant she was not bound thereby; that said judgment was yet unpaid. The bill stated that Parker was owner of certain real estate, and prayed that the judgment of the Supreme Court, and that of the circuit court (without saying what it was) pursuant to the order of this Court be set aside as invalid, and that the real estate be sold to pay the judgment. Parker demurred to the bill and filed an answer. This answer sets up that Parker, at the request of said next friend Fletcher compromised said judgment and that Parker paid Louise Fletcher and J. R. Fletcher $200.00 in full settlement and discharge of said judgment and all their claims against him, and they executed a full and final release and discharger and also made an endorsement and release on the margin of the record of the judgment, and executed an order to the circuit court to dismiss the suit. (None was pending). The answer further set forth that then an order was entered in the Supreme Court dismissing said writ of error agreed. The order made by the Supreme court reads thus as exhibited with the answer: "It appearing to the Court by written agreement duly signed by the parties interested in this case, and filed with the papers that the matters and differences herein have been fully settled. And on motion of plaintiff in error by Miller & Read, his

attorneys, this case is dismissed agreed at cost of plaintiff in error, except statute fee, which is ordered to be certified to the circuit court of Summers County." The decree of the circuit court recites that the cause was heard on the bill, demurrer, pleas and answer and general replication, and that the court was of opinion that the bill was not good; and sustained the demurrer to it, and the plaintiff not wishing to amend the bill, "the court having decided the merits, and the case being submitted to the court for its decision on the merits upon all the papers and proceedings aforesaid, and the court having considered said case on the merits, and being of opinion that the plaintiff is not entitled to the relief prayed for therein, it is adjudged, ordered and decreed that the plaintiff's bill be dismissed." The plaintiff appeals.

We have a bill plainly bad for the reason that it does not show that execution was returned "no property found," or that two years had passed without execution. *Dunfee* v. *Childs*, 45 W. Va. 155. And it does not aver that the property sought to be sold would not by rental pay the debt in five years. So, there was no error in sustaining the demurrer.

Does the bill show a sustainable case? That the contract of compromise is not valid to bind the infant against disaffirmance is plain. It operated to her prejudice and can be repudiated by her. She could not compromise. 16 Am. & Eng. Ency. L. 286. She thus did not bind herself by her own act. Is the compromise by her next friend binding on her? It is not. "A next friend cannot compound a judgment; nor release nor discharge a cause of action out of court. He has no power to settle or compromise without the express sanction of the court. But a compromise may be enforced by the court when made for the infant's benefit." 14 Ency. Pl. & Prac. 1040. In the present case the compromise lost to the infant three-fourths of the judgment. Why should the act of a next friend be binding in this instance? He is not a party, but the infant is the real party to the suit. The next friend is one to prosecute and look after the suit. His duties and powers end with judgment recovered. He cannot receive pay of it; but payment must be made to the regular guardian or to the court. *Lawson* v. *Kirchner*, 50 W. Va. 344; 14 Ency. Pl. & Prac. 998, 1037; *Miles* v. *Kaigler*, 30 Am. D. 425; *Smith* v. *Redus*, 44 *Id.* 429. A compro-

mise by a next friend may be made good, in a suitable case, by the court's approval in the case. *Tripp* v. *Gifford,* 31 Am. St. R. 530. Many cases are cited in 44 L. R. A. 168. But no order of the circuit court appears. It could make none after judgment.

What becomes of the $200.00 paid under the compromise? Shall it go to Parker's credit? No, because to allow this we have to affirm that the compromise was valid. We do not have to discuss, in this case, the nice questions as to whether an infant who has sold property or made a contract and elects to disaffirm, must first repay the consideration and place the other party in *statu quo*. For scuh discussion see *Mustard* v. *Wohlford,* 15 Grat. 343; *Bailey* v. *Gillespie,* 12 W. Va. 70; *Bedinger* v. *Wharton,* 27 Grat. 857. It does not appear what has become of the $200.00. The question we have is simply whether an infant or a next friend can compromise and release a judgment and accept payment of the compromise. To make this a partial payment we have to decide that an infant or next friend can collect a debt. Would payment of a note or any other debt to an infant be valid?

What is the effect of the dismissal by this Court of the writ of error from the judgment? It is claimed that it is *res judicata,* bars the judgment, satisfies it. We do not think so. In *Pethtel* v. *McCullough,* 49 W. Va. 520, we held that an order dismissing a case in a court of original jurisdiction is a bar to another suit on the same cause of action. What does a dismissal "agreed" made in the Supreme Court upon a writ of error to a judgment of a circuit court import? Such a dismissal in any court cannot cover any more than is involved in the case. In the circuit court it involves the whole controversy. In the Supreme Court only error. The original centroversy is merged in the judgment as a finality. Surely a dismissal in this Court has no reference to the controversy, but leaves the judgment standing . Only reversal can affect it. A dismissal agreed of a writ of error, therefore, would purge error, would be a release of error, and bar another writ of error, as that error was involved in the suit called a writ of error. Matters occurring after appeals, as payment, release of error and the like, going to bar the appeal may in proper mode be made in the appellate court, and issue made thereon. *Little* v. *Bower,* 134 U. S. 547; 2

Cyc. 1007; *Heirs* v. *Wilson,* 2 H. & Munf. 268. In this instance the court simply recites that it appeared from a paper that the matters in difference had been settled, and dismissed the writ of error on motion of Parker. There was no issue of payment. The other side did not appear to the motion. It cannot be said that this Court really passed on the fact of payment, and adjudged and found such payment, so as to make the dismissal *res judicata* on that fact. The paper, referred to in the order recites the fact of payment, but shows no compromise on part payment. If there had been a controversy upon it, the Court would have held it invalid as payment, as it was signed by the infant and next friend; but the dismissal was on motion of Parker, without appearance by the other side. There was no issue of payment. The Court did no more than allow a dismissal. We do not think the order is a bar, but only a dismissal of the writ of error. Neither is it a ratification by this Court of the compromise, because this was not the court to do this, the circuit court being the proper one before judgment, but not after. And the compromise was not before this Court; only a receipt.

The court erroneously decided the case on the merits, as the bill stated a claim for relief on the merits. The decree is not based alone on defects of the bill; the bill is not dismissed for that cause, but on the merits. Though the plaintiff declined to amend; seeing that the bill may be amended, we will reverse the decree, at the costs of the appellant, and remand the cause with leave either to amend the bill in the respects pointed out, or to dismiss the suit without prejudice to the right of Louise Fletcher to bring another chancery suit to enforce the judgment or to collect it at law. *Van Winkle* v. *Blackford,* 33 W. Va. 588.

*Reversed.*