IN RE ESTATE OF WILLIAM ROBERTSON.

E. L. HOLYOKE, EXECUTOR, APPELLANT, V. JOHN S. BISHOP, GUARDIAN AD LITEM, ET AL., APPELLEES.

FILED APRIL 9, 1910. No. 15,977.

1. Homestead: COUNTY COURT: JURISDICTION. The county court has jurisdiction to appoint appraisers and to set aside a homestead to a widow. *Guthman v. Guthman*, 18 Neb. 98.

2. ———: RIGHTS OF SURVIVING SPOUSE. Where a woman, while living with her husband and children upon certain real estate as the family homestead, became insane, and remained in that condition until after her husband's death, her husband had no power to divest her of her interest in the homestead, by will.

3. ———: RIGHTS OF EXECUTOR. An executor is not entitled to the possession of a homestead as against a surviving spouse.

4. Guardian ad Litem: POWERS. A guardian *ad litem* is a special guardian appointed solely for the purpose of carrying on litigation and preserving the interests of his ward in matters pending before the courts. He has no right to the possession of the real property of his ward or to the rents and profits therefrom.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed in part, with directions.*

*Samuel J. Tuttle* and *Talbot & Allen*, for appellant.

*John S. Bishop* and *A. S. Tibbets*, contra.

LETTON, J.

William Robertson died testate in 1904. His will devised a certain lot in Lincoln to his wife. Before her

husband's death Mrs. Robertson was adjudged to be insane; she is still in that condition, and is an inmate of the state insane hospital. John S. Bishop was appointed guardian *ad litem* of the widow by the county court. He filed an application in that court praying that he might be directed to elect on behalf of the widow whether to receive this provision of the will or to have assigned to her her dower interest in the real estate and the provisions made for her by statute. On a hearing the court found that the widow was insane and incompetent to elect for herself, and ordered the guardian *ad litem* to elect on her behalf whether to accept or renounce the provisions of the will. He reported that the real estate left the widow by the will was not owned by the testator at the time of his death, and elected for her to renounce the provisions of the will and to be endowed of the lands of her husband. He afterwards filed a petition setting forth the marriage, the birth of children, and the names and residence of the heirs; that while the family were living on lots 8 and 9 in block 164, original plat of the city of Lincoln, as a homestead, the wife became insane, and that the deceased at the time of his death owned the homestead, an interest in certain lands in Lancaster county, Nebraska, and in the state of Florida; and the widow's right to dower has not been disputed. He prays that the court will assign to the widow her life estate in the homestead not exceeding in amount two lots, or in value $2,000. and further prays for the assignment of dower. After due notice a hearing was had upon this petition, and three appraisers appointed, who, after taking oath and appraising the property, valued the same at less than $2,000, and set the same apart as a homestead. The executor appeared and objected to the report, setting out that the homestead was worth more than $2,000; was not occupied as a homestead by the widow at the time of testator's death; because it leaves nothing for the minor heirs as contemplated by the will; and upon other grounds unnecessary to mention.

After a hearing the court found for the petitioner and confirmed the proceedings. It ordered that the widow have possession of the homestead during her natural life, and that the three minor heirs of William Robertson share with her in the rents, issues and profits of the homestead during their minority. It was also adjudged that the minors should receive the sum of $10 a month from the rents, issues and profits of the homestead for their maintenance until further order. An appeal was taken from these orders to the district court. In the district court, upon the same issues, the objections of the executor were overruled, the order of the county court confirming the report of the appraisers and setting apart the homestead to the widow was affirmed, the order giving to the minor heirs a share in the rents, issues and profits of the homestead was reversed, and it was ordered that the guardian *ad litem* have the possession of the property as the homestead of the widow. From this judgment the executor has appealed.

The case was tried in the district court upon documentary evidence and a stipulation of facts. The stipulation of facts is too lengthy to set forth in full; but, in substance, it states that when the widow was adjudged insane she and her husband occupied the premises as a homestead with their children, eight in number, all of whom are now of age; that she is now 64 years of age; that after she was adjudged insane the deceased lived on the premises with one Florence Conway, and by her had three children, Benjamin, Florence, and Ruth, who are the minors adjudged to be entitled to a share of the rents from the homestead, and who were born there; that after Robertson's death these children were placed in the home for the friendless at Toledo, Ohio, where they now are; that the widow's absence from the property was occasioned by her insanity and her being placed in the hospital for the insane at Lincoln; and that the three minor children never lived with her. A copy of the will is in the record, which shows that three-fourths of the real estate of the

deceased was bequeathed to these minor children, and in a certain contingency the whole of it. In the will they are recognized as the children of the deceased and· spoken of as "my minor children."

A number of objections were raised at the hearing to the jurisdiction of the county court and the district court, and to some matters of practice. We believe it unnecessary to consider these points, since the prior decisions of this court have practically settled the matter in controversy. In *Guthman v. Guthman*, 18 Neb. 98, it was held that the county court has jurisdiction to set aside a homestead to a widow by virtue of its general jurisdiction in matters of probate and the settlement of estates. In *Cooley v. Jansen*, 54 Neb. 33, it is held that "the right of an administrator to possession of the real estate of which his decedent died seized arises from its being subject to payment of debts of the decedent and is not of force relative to a homestead." In that case the facts were that the widow and children executed a lease of the homestead and their lessee had again sublet it. The administrator took possession, leased the land, and instituted injunction proceedings to restrain the sublessee of the widow and heirs from interfering with the possession and occupancy of his tenant. In the opinion it is said: "The land in suit descended to the wife and heirs shorn of any liability for the debts of the deceased, and the administrator had no right of possession or other right thereto or therein, and could not make an effective lease of it; hence could not maintain this suit."

In the case at bar, upon Robertson's death the homestead, not exceeding two lots in extent or $2,000 in value, vested at once "in the survivor for life, and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will." Ann. St. 1907, sec. 6291; *Schuyler v. Hanna*, 31 Neb. 307; *Finders v. Bodle*, 58 Neb. 57; *Hobson v. Huxtable*, 79 Neb. 340. He could not take this right away from her by will without her consent. *Na-*

*tional Bank of Commerce v. Chamberlain,* 72 Neb. 469. Her ·insanity could make no difference. *Weatherington v. Smith,* 77 Neb. 363. The minor heirs, either as devisees in the will or as legitimatized children, were not entitled to participate with the widow in the possession of, or in the rents and profits arising from, the homestead. They were not members of her family, and had no possessory interest in the property until her death. The executor has shown no title to or right or interest in the premises, and the widow alone is entitled to possession of the same during her natural life. *Tindall v. Peterson,* 71 Neb. 160; *Brandon v. Jensen,* 74 Neb. 569; *In re Hadsall,* 82 Neb. 587; *Durland v. Seiler,* 27 Neb. 33. Whether the court itself, as appellant insists, or the guardian *ad litem,* as he contends, is entitled to elect is not material. The county court properly set apart the homestead to the widow, but erred in requiring a portion of the income from the same to be paid to the minor children. The district court properly reversed this part of the decree, but the judgment of that court was erroneous in that it ordered the possession of the real estate to be given to a guardian *ad litem.* A guardian *ad litem* is a special guardian appointed solely for the purpose of carrying on litigation and preserving the interests of his ward in matters pending before the courts. He has no right to the possession of the real property of his ward or to the rents and profits therefrom. He gives no bond and has only special duties. ·For the purpose of taking care of the estate a general guardian should be appointed.

The judgment of the district court is therefore affirmed in all respects, save as to awarding the possession of the property to the guardian *ad litem,* and the cause is remanded, with directions to modify the judgment in accordance with this opinion. Costs taxed to appellant.

JUDGMENT ACCORDINGLY.

FAWCETT, J., not sitting.