## LEAKE & PETTINGILL
### v.
## WALTER McJONES ET AL.

Ponce, Equity, No. 260.

EXTENSION OF TIME FOR BILL OF EXCEPTIONS.

Term of Court—Extension of Time.
>  Where something has to be done, for instance on appeal, which cannot be contemplated at the trial term, an order may be made granting further reasonable time; but in this court it is an extension of time, and not an extension of the term, which is granted.

Opinion filed March 29, 1915.

---

*Mr. Francis E. Neagle* for McJones.

Leake & Pettingill v. McJones.

HAMILTON, Judge, delivered the following opinion:

A motion is made in this case to "extend the term" now running to a close in order that the bill of exceptions may be filed within time. It seems that many of the papers in this case are lost or mislaid, and it was found to be impracticable to get the exceptions and other parts of the record ready before the close of the present term on March 11.

A proper showing seems to be made for extension of time, and the court is disposed to grant all that is necessary. Counsel insists that the order should read that the term is extended.

The organic act of Porto Rico, § 34, which governs the proceedings of this court, says that this court shall hold several terms, one at San Juan beginning the second Monday in October, and another at San Juan beginning the second Monday in April. It has previously been decided by this court that the January term held at Ponce does not, for all practical purposes, interfere with the further running of the October term at San Juan. The result is that the October term must expire before the April term begins, that is to say, this year, must expire at midnight April 11. The act creating this court having, therefore, in effect said that the term expires on a certain day, it is not perceived how, on principle, the court, which is subject to the act, can, for any purposes, make the term longer.

It is true that some courts have a rule for continuing the term upon order of the court. This was the case with the supreme court of the District of Columbia, and the practice was not disapproved by the United States Supreme Court in the case of Hume v. Bowie, 148 U. S. 245, 37 L. ed. 438, 13 Sup. Ct. Rep. 582; Coughlin v. District of Columbia, 106 U.

S. 7, 27 L. ed. 74, 1 Sup. Ct. Rep. 37. There is in the Revised Statutes governing the supreme court of the District of Columbia a distinction between a special term and a general term, which may make some difference in the matter. The Federal district court for Porto Rico has no such difference in terms, and, moreover, has no rule like that of the District of Columbia which provides for prolongation of the term by adjournment in order to prepare a bill of exceptions.

The supreme court says the provision as to prolongation of the term for the particular purpose is a mere difference in phraseology, and not of the substance, from the practice in many jurisdictions of entering an order granting additional time after the expiration of a term in which to settle bills of exceptions. There can be no question that the judge has the right to make an express order during the term allowing a period expiring after the time within which to prepare the bill of exceptions. Jackson ex dem. Bradstreet v. Thomas, 4 Pet. 102, 7 L. ed. 796. There is no doubt that an order at the next term after judgment directing that the bill of exceptions be filed as of the date of the trial is a nullity and does not make the bill of exceptions a part of the record. Müller v. Ehlers, 91 U. S. 249, 23 L. ed. 319; United States v. Jones, 149 U. S. 262, 37 L. ed. 726, 13 Sup. Ct. Rep. 840. The time may be prolonged by consent, special order, or standing rule. Michigan Ins. Bank v. Eldred, 143 U. S. 293, 36 L. ed. 162, 12 Sup. Ct. Rep. 450.

The theory of a term is that it is to all intents and purposes as one day, although it may extend over many calendar days. Bouvier's Law Dict. s. v. Term. The general rule is that a bill of exceptions must be settled at the term at which the

trial was had, the theory of this being that settling the bill is part of the trial. Practically this is interpreted as meaning, that the bill must be settled or an order extending the time for settling made at the trial term. There is no statute on the subject governing this court one way or the other, and the court will follow the practice which has been usual in this court, that is to say, will either settle the bill at the trial term, or at the trial term fix some time within which it must be done. Practically it may, as the Supreme Court said in Hume v. Bowie, above, amount to the same thing as extending the term, for if the court extends the time for doing something which should be done at the trial term, it is practically extending the trial term. Nevertheless, it is not doing so in so many words. It is merely at the trial term doing all that is necessary in the case.

On the whole, therefore, it would seem better to follow the the practice which has heretofore obtained in this court, of calling the order in such a matter one to extend the "time," and not one to extend the "term," and the time asked for in this motion will be granted.