**MONTGOMERY (SIVERSON) et al. v. ERIE R. CO.**

**No. 6266.**

Circuit Court of Appeals, Third Circuit.

May 24, 1938.

290

George Cooper, of Jersey City, N. J. (Arthur Kimmel, of Jersey City, N. J., of counsel), for appellants.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley and Charles W. Broadhurst, both of Jersey City, N. J., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

Heretofore we filed an opinion in this case stating that since no bill of exceptions had been filed by the appellant, Esther Montgomery (Siverson), under the established practice of the Federal Courts we must refrain from passing upon the merits of the controversy at bar. Thereafter a petition for rehearing was filed by the appellants and a rehearing granted. The argument upon rehearing was directed solely to the power of this court to pass upon the merits of the controversy involved despite the absence of the bill of exceptions.

It is the contention of Esther Montgomery (Siverson), whom we shall refer to hereafter as the appellant, that the establishment of an exception by bill of exceptions is not required in order to enable a court of appeals to review the judgment of the court below if the error appears upon the face of the "strict record" or "record proper". This "strict record" or "record proper" has been defined as " * * · * the pleadings, the process, the verdict, and the judgment * * *". Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 126, 40 L.Ed. 269; Reilly v. Beekman, 2 Cir., 24 F.2d 791, 794; Young v. Southern Pacific Company, 2 Cir., 34 F.2d 135. The strict record or record proper in the case at bar must be deemed to include the warrant for satisfaction of the judgment. In our opinion where a question of law is raised upon the strict record no exception is necessary to place such question before the court

of appeals for its consideration. United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551; United States v. U. S. F. & G. Co., 236 U.S. 512, 529, 35 S.Ct. 298, 59 L.Ed. 696. See, also, Coughlan v. District of Columbia, 106 U.S. 7, 11, 1 S.Ct. 37, 27 L.Ed. 74; United Firemen's Insurance Co. of Philadelphia v. Jose Rivera Soler & Co., 1 Cir., 81 F.2d 385. We are therefore of the opinion that we erred in failing to consider the sufficiency or lack of sufficiency of the warrant of satisfaction of the judgment in the case at bar as part of the strict record.

We therefore pass upon the merits of the questions presented by the appeal. In order that the nature of the controversy may be understood it is necessary to state certain facts. Upon April 6, 1927, the appellant, then a minor and unmarried, received injuries in a collision between a train operated by the appellee and an automobile in which she was a passenger. Upon July 28, 1927, she brought suit by her father, Hugh Montgomery, duly appointed as her next friend, against the appellee for the injuries which she had sustained. The complaint included a count in the usual form for damages for loss of the services of the minor appellant. An order was entered by the court below adding Elizabeth Montgomery, the appellant's mother, to the cause as a party plaintiff. Upon November 17, 1927, after the verdict of a jury, judgment was entered in favor of the appellant in the sum of $1,500, and for Hugh Montgomery and Elizabeth Montgomery in the sum of $500. Upon January 6, 1928, a warrant for satisfaction of judgment was filed, signed by "Hugh Montgomery, Hugh Montgomery next friend of Esther Montgomery. Hugh Montgomery, Hugh Montgomery individually. Elizabeth Montgomery, Elizabeth Montgomery, individually." As just indicated it appears from the strict record of the case at bar that the warrant of satisfaction of judgment was signed by Hugh Montgomery as next friend for the appellant.

Upon May 18, 1935, the appellant, then of age and married, filed a petition seeking to set aside the warrant of satisfaction of judgment in so far as it pertained to the judgment in her favor. After the taking of testimony relating to the issue of whether or not the appellant had received the sum of the judgment or any part of it, the learned District Judge held in effect that she had both assented to and received the

benefits of the money paid by the appellee and therefore was estopped to recover upon the judgment.

■■ The Practice Act of New Jersey, of 1903, R.S.1937, 2:26-3.4, 3 Compiled Statutes 1910, page 4055, Section 18, provides: "If an infant is entitled to an action or if an action is brought against him, his guardian duly appointed or specially admitted for that purpose shall be permitted to prosecute or defend * * *."

Section 40 of the Orphans Court Act, R.S.1937, 3:7-28, 3:7-29, 3 Compiled Statutes 1910, page 3827, provides as follows: "If any minor shall become seized or possessed of or be entitled to any real or personal estate in the lifetime of the father or mother of such minor, the ordinary, or the Orphans' court or the surrogate of the county where such minor resides or such real or personal estate may be, may appoint the father or other suitable person, guardian of the estate of such minor."

Section 49 of the Orphans Court Act referred to above, R.S.1937, 3:8-1, 3 Comp. St.1910, p. 3829, provides: "Every court or other competent authority appointing a guardian, shall take bond of him with good sureties and in sufficient sum for the faithful execution of his office."

In our opinion there is nothing contained in the Statutes of New Jersey which permits the next friend of a minor to do more than prosecute to judgment or defend a suit to which the minor is a party. Such a construction is in accord with the law of New Jersey. See Dorsa v. Public Service Co-Ordinated Transport, 152 A. 863, 9 N. J.Misc. 23, a decision of a Circuit Court of New Jersey, standing unreversed, and Caruso v. Caruso, 101 N.J.Eq. 350, 353, 139 A. 812. It is also in accord with the decisions of the courts of other States having substantially similar statutory provisions relating to minors, and is in accord with the common law. Brooke v. Clark, 57 Tex. 105; American Lead Pencil Co. v. Davis, 108 Tenn. 442, 67 S.W. 864; Fletcher v. Parker, 53 W.Va. 422, 44 S.E. 422, 97 Am. St.Rep. 991; Collins v. Gillespy, 148 Ala. 558, 41 So. 930, 121 Am.St.Rep. 81; Greenburg v. New York Central & H. R. Ry. Co., 210 N.Y. 505, 104 N.E. 931; Betts v. Hancock, 27 Ga.App. 63, 107 S.E. 377; In re Robertsons' Estate, 86 Neb. 490, 125 N. W. 1093. In our opinion, therefore, the next friend does not have authority and may not receive funds payable to a minor

plaintiff under a judgment, and therefore a warrant of satisfaction of judgment given by the next friend of an infant plaintiff is a nullity. Such warrant for satisfaction of judgment may be given only by a guardian duly appointed as provided by the Statute law of New Jersey, and bonded as required by Section 49 of the Orphans Court Act. By analogy see Paskewie v. East St. Louis & Southern Railway Co., 281 Ill. 385, 117 N.E. 1035, L.R.A.1918C, 52; Southern Railway Co. v. McKinney et al., 5 Cir., 276 F. 772.

■ The purpose of Sections 40 and 49 of the Orphans Court Act was the protection of the property of minors. These sections provide a method for the payment and discharge of obligations due to minors to the end that the minor may be assured of an honest administration of his funds during his minority. Minors are wards of the court and their rights must be guarded jealously.

■ It appears from the affidavits of record in this cause that payment was made by the appellee to the attorney of record for the minor appellant, and the appellee contends that such payment to the attorney of record was a proper payment and equivalent to payment to the appellant. We can see no reason for assuming that the authority of the attorney of record can rise higher than that of the next friend who engaged his services. No authority has been cited to us which supports such a proposition. In fact authority seems otherwise. Southern Railway Co. v. McKinney, supra.

■ The appellee also contends that the appellant has ratified the act of the appellee in paying the money to her attorney and the cancellation of the judgment by her next friend. It appears as a matter of record that two years and seven months elapsed since the plaintiff appellant became of full age before she took any step to set aside the warrant of satisfaction of judg-

ment. In our opinion such a lapse of time before she disaffirmed the acts of her attorney and her next friend are insufficient to constitute ratification. See Majaika v. Jamison, 115 N.J.L. 358, 180 A. 402; Peacock v. Binder, 57 N.J.L. 374, 31 A. 215.

■ Nor can we concur in the ruling of the learned District Judge to the effect that the appellant having received the benefits of the judgment is now estopped to set aside the satisfaction of judgment given by her next friend. The record shows that the sum of the judgment due to the appellant was paid to the appellant's attorney, who deducted therefrom the sum allowed him by his retainer agreement. He then paid the balance to Hugh Montgomery, as next friend for the appellant. Hugh Montgomery delivered the money to Elizabeth Montgomery, the mother of the appellant, who expended the funds for the general benefit and maintenance of the family. The record shows that prior to her injuries the appellant was engaged in a gainful occupation and paid to her family a certain proportion of her weekly wages for her support and maintenance, but the law of New Jersey imposed an obligation upon her parents for her support, and the fact that her own money was used by her parents to that end, with her knowledge, cannot serve as the basis of an estoppel.

■ It is our conclusion that the judgment of the court below denying the appellant's motion to vacate and set aside the warrant in satisfaction of judgment in so far as it relates to the judgment in favor of the plaintiff-appellant was error. The question of whether or not the fee of the appellant's former attorney may be deducted from the sum which the appellee will be required to pay under the judgment is one which is left to the discretion of the court below.

The order of the court below is reversed and the case remanded with directions to proceed in accordance with this opinion.