IN RE ESTATE OF JOHN KOPAC.
OLLIE KOPAC, APPELLEE, V. EMIL KOPAC, APPELLANT.
299 N. W. 489

FILED AUGUST 1, 1941. No. 31107.

*Edward Asche* and *Lloyd L. Pospishil,* for appellant.

*Cook & Cook* and *Joe R. Broz, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOM-SEN and WENKE, District Judges.

ROSE, J.

In a proceeding to administer and settle the estate of John Kopac who died intestate February 6, 1939, Ollie Kopac, as his widow, petitioned the county court of Colfax county to assign to her for life a homestead in the northeast quarter of section 28, township 19, range 3, Colfax county. She alleged she was the wife of John Kopac at the time of his death; that he owned the land in fee; that it constituted his homestead and was occupied as such by him and petitioner; that there were no creditors of the estate and that his personal property was sufficient for payment of the costs and expenses of administration.

In formal objections to the granting of the petition Emil Kopac, an heir at law, twice admitted that the land in controversy was the homestead of John Kopac, but alleged that Ollie Kopac was not his wife and not entitled to the homestead. Later, in amended objections, he denied the land was the homestead of John Kopac at the time of the latter's death.

Upon a trial of the issues the county court found that the allegations in the petition of Ollie Kopac were true and assigned her husband's homestead of 160 acres of land to her for life. Objector, Emil Kopac, appealed to the district court, where the judgment was the same as that of the county court. From the judgment of the district court Emil Kopac appealed to the supreme court.

It is insisted by the objector that the county court did not have power to determine title to real estate or to assign a homestead to petitioner. In determining the homestead issue in the settlement of decedent's estate, the county court did not adjudicate the title to real estate, but found the facts on which the statute of descent passed the home-

stead title to the widow. It is settled law that the county court has jurisdiction to set aside to a widow for life the homestead of her deceased husband. *Fischer v. Sklenar,* 101 Neb. 553, 163 N. W. 861; *In re Estate of Robertson,* 86 Neb. 490, 125 N. W. 1093; *Guthman v. Guthman,* 18 Neb. 98, 24 N. W. 435; *Tyson v. Tyson,* 71 Neb. 438, 98 N. W. 1076; *Draper v. Clayton,* 87 Neb. 443, 127 N. W. 369.

To prove in the district court on appeal the allegations of her petition, Ollie Kopac introduced in evidence copies of the following authenticated documents: Duly verified affidavit of herself and John Kopac for a marriage license, February 15, 1932; their marriage license issued by the county judge of Dodge county pursuant to their affidavit; their certificate of marriage by the county judge of Dodge county February 15, 1932. On the witness-stand petitioner testified to the facts stated in the foregoing documents; to her marriage to John Kopac February 15, 1932; to his death February 6, 1939; to being his wife before his death and his widow since. She testified further that she was an unmarried woman when she and John Kopac were married; that they lived together as husband and wife until the latter's death; that she had no children living; that she was John Kopac's first wife. The marriage was in compliance with the law of Nebraska. *Collins v. Hoag & Rollins,* 122 Neb. 805, 241 N. W. 766. The evidence proves that both were eligible for marriage February 15, 1932; that she became the lawfully wedded wife of John Kopac on that date and lived with him as his wife until his death, February 6, 1939. The burden was on Emil Kopac, heir at law, to prove his plea that Ollie Kopac was not the wife of John Kopac, but he utterly failed to do so as shown by the record and by the findings of the county and the district courts.

Was the quarter-section of land as a homestead properly set aside to the widow for life? It was stipulated by the parties at the trial in the district court that John Kopac owned in fee at the time of his death the land described in the petition of the widow; that there were no creditors;

that personal property in the estate of decedent was sufficient to pay the expenses and costs of administration. The evidence proves the following facts: During the married life of John Kopac and wife the land claimed as a homestead was a farm and the first dwelling-house thereon was occupied by a tenant who did not have a lease in writing after 1935, but said the rent was whatever he could pay. In the spring of 1936 John Kopac built a home on the southeast corner of the farm, fenced two or three acres around it to protect the improvements, moved into the home with his wife, made garden, raised chickens, received a portion of the proceeds of the farm as rents and made the farm the home of himself and wife until his death.

The tenant on the farm did not intervene in this proceeding to traverse the homestead claim of petitioner or to assert for himself a homestead or to protect a formerly acquired homestead, but Emil Kopac, objector, put the tenant on the witness-stand to prove that the latter had in the same land a homestead estate which defeated the claim of petitioner. The record of the district court shows that the decree assigning the homestead to petitioner was entered June 26, 1940, and that the testimony of the tenant shows he previously vacated the premises February 29, 1940. The district court properly held that the evidence was not sufficient to support a finding that the farm was the homestead of the tenant when John Kopac died, February 6, 1939.

The objector contends also that the district court erroneously deprived him of a jury trial on his appeal from the county court to the district court. The contention is without merit. In a jury case the court enters the final judgment. A verdict in favor of objector herein, if rendered, would have to be set aside as unsupported by the evidence. There was no meritorious defense to the widow's petition. The decree of the district court was the only one permissible on the record made. The objector, therefore, was not prejudiced by the denial of a jury trial.

AFFIRMED.