(18 App. Div. 316.)

## STIVERS v. WISE.

(Supreme Court, Appellate Division, Second Department.    June 15, 1897.)

ANNULMENT OF MARRIAGE—ACTION BY PARENT—ALIMONY.

In an action by a parent to annul the marriage of her infant son (Code Civ. Proc. § 1744), alimony cannot be awarded against plaintiff.

Appeal from special term.

Action by Julie C. Stivers against Elizabeth Roma Wise to annul the marriage of plaintiff's infant son with defendant.    From an order granting to defendant alimony and counsel fees, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

I. Albert Englehart, for appellant.

J. A. Young, for respondent.

GOODRICH, P. J.    The action is brought by the mother of Harold M. Wise, an infant, born July 25, 1879, to annul a marriage with the defendant, solemnized on January 6, 1896, the infant being at that time under 17 years of age.    The mother is authorized to bring this action by section 1744 of the Code of Civil Procedure, the age of legal consent being fixed at 18 years in the case of males.   . Alimony is defined to be an allowance which a husband or former husband may be forced to pay to his wife or former wife, living legally separate from him, for her maintenance; while alimony pendente lite is that given to the wife during the pendency of an action for divorce, separation, or annulment of marriage.    Both definitions recognize the husband as the source of payment.    Mr. Bishop, in his treatise on Marriage, Divorce, and Separation (volume 2, §§ 972, 973), states the English law to be that the expenses of a wife's defense in a divorce suit come under the head of necessaries, so far as to permit a recovery of such expenses by a person who, in good faith and on probable cause, carries on or defends a wife's divorce suit.    This also proceeds on the theory that the husband himself is bound to support and provide necessaries for his wife.

I find no authority which justifies an order compelling the payment of alimony pendente lite by the guardian ad litem, or the next friend of the infant, or by the parent, in a suit for the annulment of marriage, on the ground that the infant was under the legal age of consent.    On the contrary, in the case of Osgood v. Osgood, 2 Paige, 621, the court referred to the case of Perkins v. Perkins (not reported), in the following language:

"The complainant, however, was an infant, without property, and the suit was prosecuted by the father, as his next friend.    The application, on the part of

the defendant, was that the next friend of the husband should furnish her with funds, out of his own property, to defend the suit. The court decided that the father could not be compelled to furnish her with the means of defense; and that he was not liable for alimony during the litigation."

I see no legal reason why the mother of an infant, who has brought an action of this character, should be compelled out of her own means to contribute alimony for the support of the wife of her infant son, or counsel fee for the wife's attorney, where it is evident that the marriage was contracted while the infant was under the legal age of consent.

The order appealed from should be reversed, without costs. All concur.