### ERWIN *v.* ERWIN.

Opinion delivered November 8, 1915.

DIVORCE—ACTION BY INFANT—JUDGMENT AGAINST GUARDIAN FOR ALIMONY.
—In an action by an infant husband, brought by his guardian and parent to annul a marriage with another infant, a judgment can not be rendered against the guardian and parent for alimony.

Appeal from Prairie Chancery Court; *John M. Elliot,* Chancellor; reversed.

STATEMENT BY THE COURT.

On the 23d day of May, 1914, Marion Erwin intermarried with Ruth Turner. Afterward, on the 18th day of November, 1914, Marion Erwin, by A. L. Erwin, his father and natural guardian, instituted this suit against Ruth Erwin, alleging that neither of the contracting parties were satisfied with their marriage relations; that the plaintiff was eighteen and the defendant sixteen years of age, and that the marriage was agreed to in childish play; that some time early in the summer of 1914, the defendant left the plaintiff and returned to her parents; that

plaintiff is without any means of support and is being supported by his father. He prayed that the bonds of matrimony be set aside, and that the marriage contract be declared null and void for want of capacity in the contracting parties.

The defendant, through her natural guardian, demurred to the complaint, and filed an answer and cross-complaint in which she admitted the marriage, but denied all the other material allegations of the complaint, and asked a decree for cost money, attorney's fee and alimony against both the plaintiff and his father and guardian.

The court, after hearing the testimony, rendered its decree allowing $25 cost money, $50 attorney fee, and $25 per month alimony *pendente lite* against both the plaintiff and his guardian, A. L. Erwin. The latter prosecutes this appeal.

*Thomas & Lee,* for appellant.

In an action of a minor plaintiff by his guardian for a divorce, upon entering a decree annulling the marriage, it is error for the court also to enter judgment against the guardian for alimony. And while the plaintiff's action must be brought by his guardian or next friend, who is liable for the cost of the action brought by him, yet he would not be liable for the cost accruing under the cross-complaint of the defendant. Kirby's Digest, § § 6021, 6022; 140 Pac. 999; 26 Cyc. 917; 53 N. Y. S. 677; 107 N. Y. 1065; 97 Me. 130; 125 N. Y. S. 139; 46 N. Y. S. 9.

WOOD, J., (after stating the facts). The only question presented by this appeal is whether or not a valid judgment can be rendered against the guardian of a minor plaintiff for alimony in an action brought by the infant through him, under section 5175 of Kirby's Digest, to annul the marriage contract, alleging incapacity, for want of age or understanding, of consenting to the marriage.

Under the statute, "the action of an infant must be brought by his guardian or next friend." Kirby's Digest, § 6021. The statute makes the guardian or next friend

liable for the costs of an action brought by him. Kirby's Digest, § 6022. Under this statute, of course, the guardian, A. L. Erwin, would be liable for costs incident to the action brought by him as set out in his complaint, but he would not be liable for the costs incurred by the cross-bill of the defendant in which she asks for alimony *pendente lite* and attorney's fee. These are not matters of costs incident to the suit brought by the guardian for his infant ward. There is no statute authorizing a decree for alimony and attorney's fee in favor of the defendant against the guardian of the plaintiff in suits of this kind. In the absence of such statute the court is not justified in rendering such decree. The statute provides for alimony and attorney's fee in favor of the wife and against the husband in actions for divorce or alimony. Kirby's Digest, § 2679. But this is clearly not that kind of an action; and, besides, if the action had been brought for divorce, under the above section the right to a judgment in favor of the defendant for alimony and attorney's fee, would be against the plaintiff in person, and not his guardian.

In the case of *Stivers* v. *Wise,* 46 N. Y. Supp. 9, the presiding justice said: "I find no authority which justifies an order compelling the payment of alimony *pendente lite* by the guardian *ad litem,* or the next friend of the infant, or by the parent, in a suit for the annulment of marriage, on the ground that the infant was under the legal age of consent."

It is manifest that the decree allowed the $25 to appellee as cost money incident to her cross-bill, as well as the amounts allowed for alimony and attorney's fee.

The decree is erroneous and is therefore reversed, and the cause is remanded with directions to the chancery court to set aside its judgment against the appellant A. L. Erwin as guardian.