# CHARLESTON.

### MEREDITH *v.* SHAKESPEARE.

Submitted October 28, 1924.   Decided November 11, 1924.

MARRIAGE—*Father and Next Friend of Infant in Suit to Annul Not Personally Liable for Counsel Fees and Suit Money, to Enable Defendant to Defend Appeal to Reverse Her Decree.*

In a suit brought by an infant, by his father and next friend, to annul a marriage void *ab initio*, the father and next friend is not liable personally for suit money and counsel fees to enable defendant to employ counsel and defend an appeal prosecuted in this court to reverse a decree below in her favor.

MEREDITH, PRESIDENT, absent.

Appeal from Circuit Court, Monongalia County.

Action by Jamison Meredith, an infant, etc., against Ann Victoria Shakespeare. From a judgment against James A. Meredith, next friend of plaintiff, on defendant's petition for suit money and attorney's fees, said James A. Meredith appeals.

*Reversed; petition dismissed.*

*Glasscock & Glasscock* and *Terence D. Stewart,* for appellant.

MILLER, JUDGE:

While the principal case was pending here on appeal by plaintiff from the decree below against him, later decided, 96 W. Va. 229, the defendant by a proceeding begun by petition, without naming parties, and notice addressed, not to plaintiff or his father and next friend, but to "Terence D. Stewart and William E. Glasscock, of the firm of Glasscock and Glasscock, attorneys at law," but served only on said

Stewart, obtained a judgment or decree, not against the plaintiff, Jamison Meredith, according to the prayer of the petition, but against "James A. Meredith, the next friend of plaintiff," personally, for the sum of $275.00, suit money and attorney's fees, to enable her to employ counsel and make defense to plaintiff's appeal.

The plaintiff demurred to and answered the petition, denying the right of petitioner to the relief sought. He alleged that his suit was not for divorce upon grounds provided in chapter 64 of the Code, but one invoking the inherent power and jurisdiction of a court of equity to annul marriages for causes other than for divorce prescribed by the statute. He alleges his minority, his dependence on his father for support; that he is in school preparing himself for a profession; that he has never engaged in any manual labor; that he has no income, and no employment or any means of earning a living or money with which to pay suit money or counsel fees, or other costs incurred by defendant; and that it would be unconscionable and unjust to compel him to pay the money which defendant would force him to pay by her said proceeding.

On the hearing of the appeal in the original cause, we reversed the decree below and entered a decree here annulling the marriage between plaintiff and defendant, of August 14, 1922, on the grounds alleged, that the same had been entered into in jest and as a joke, without any present purpose on the part of either party of consummating it, or of thereafter assuming the relationship of husband and wife, and that they never had assumed that relationship.

Passing the question presented regarding want of proper pleading and notice to the appellants, we come directly to the merits of the appellee's right to suit money and attorney's fees, as against James A. Meredith, the father and next friend of plaintiff, personally. The question of the right to such an allowance as against the plaintiff in the original suit is not before us, for there was no decree below against him therefor. In a suit prosecuted for an infant by a next friend, the infant is the real party, not the next friend. *Fletcher* v. *Parker*, 53 W. Va. 422. And though the next friend may be

liable for the taxable costs in the suit prosecuted by the infant in his name, he is liable, if at all, only for such costs. Counsel fees and suit money are not any part of such taxable costs. *State ex rel. Bank* v. *Graham,* 68 W. Va. 1. In *Erwin* v. *Erwin,* (Ark.), 180 S. W. 186, it was decided that suit money, alimony pendente lite and attorney's fees were not recoverable against a guardian in a suit brought by him to annul a marriage void because of incompetency to make the contract. In Schouler on Marriage and Divorce (6th ed)., §1166, it is laid down that: "If the marriage was void *ab initio* neither temporary alimony nor counsel fees should be allowed, as they both depend in theory on the existence of a valid marriage creating in the husband duties of support." And in the same section it is said: "The power of the court to award alimony and counsel fees in suits for nullity depends on local statutes. The power of the court to award alimony in divorce actions does not give it power to do the same in actions for nullity." Some exceptions to this rule are noted where the defendant denies the nullity, and where the marriage was contracted in good faith by her, on the theory that the marriage will be considered valid until pronounced invalid. *Ricard* v. *Ricard,* 143 Iowa, 182; *Vroom* v. *Marsh,* 29 N. J. Eq. 15; *North* v. *North,* 1 Barb. Chy. (N. Y.) 241.

We look to the bill in the main suit to find that it was not filed pursuant to sections 9 and 11 of chapter 64 of the Code, but invokes the general jurisdiction of a court of equity to annul the marriage on the ground that it was never contracted in good faith, and was a nullity from the beginning. In such cases the provision of the statute respecting suit money and alimony have no application. And upon the hearing, upon plaintiff's appeal, as already stated, we determined that he was entitled to the relief prayed for So that the question of suit money and alimony are not controlled by the statute relating to divorce.

We therefore reverse the decision below and dismiss the petition as to the appellant James A. Meredith, next friend, etc.

*Reversed; petition dismissed.*