Florence W. Van Wyck, Appellant, *v.* Mozellecita Stapp, Also Known as Mozellecita Van Wyck, Respondent.

First Department, June 29, 1939.

*Thomas A. McGrath*, for the appellant.

*Emil K. Ellis*, for the respondent.

Per Curiam. The present action is one brought by the mother of an alleged incompetent to annul the marriage of her son to defendant.

We deem the procedure followed in this case was improper in so far as it fixed counsel fees and expenses in this action to be paid to the defendant wife. The order does not provide by whom the money is to be paid. In an action brought pursuant to the provisions of section 1137 of the Civil Practice Act by the mother of an alleged incompetent to annul his marriage on the ground of his insanity at the time of the marriage, the mother, as plaintiff, cannot be compelled to contribute out of her own means counsel fees for the defendant wife's attorney or money for the wife's expenses in defending the suit. (*Farnham* v. *Farnham*, 227 N. Y.

155; *Stivers* v. *Wise*, 18 App. Div. 316.) The incompetent could not be directed to pay and the committee of his property is not a party to the action. We deem that the relief sought may not be had in this action. In the incompetency proceedings any sum that may be found to be necessary for the wife's support may in the discretion of the Supreme Court be directed to be paid out of the incompetent's estate to the extent that the estate warrants such payments.

We think that the proper procedure was for the wife to move in the incompetency proceedings for an order directing the committee of the property of her incompetent husband to pay such sums. On such a motion the court may decide whether the sums are necessaries and it will be advised concerning the extent of the incompetent's estate and the nature and amount of other claims existing against same.

We do not wish to indicate by this holding that the sums fixed herein are improper. We do not pass upon that question.

The order, so far as appealed from, should be modified by striking out the provisions fixing counsel fee at $500 and awarding the sum of $200 as expenses for a psychiatrist, without prejudice to an application to direct the committee of the property to pay the same, and, as so modified, affirmed, without costs.

Present — TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Order, so far as appealed from, unanimously modified by striking out the provisions fixing counsel fee at $500 and awarding the sum of $200 as expenses, without prejudice to an application to direct the committee of the property to pay the same, and, as so modified, affirmed, without costs.